NEW-YORK,
Sept. 1830.

McLaughlin
v.
Waite.

---

## McLaughlin *vs.* G. & R. Waite.

The *finder* of a *lottery ticket*, or rather of a *certificate* of a half ticket payable to the *holder*, issued by a vender of lottery tickets, is not entitled to recover from the vender the moiety of the money drawn as a prize by the original ticket, the vender having received the whole prize money from the managers of the lottery, where the vender has *notice* that the party holding the certificate came to the possession of it by *finding;* payment to the *holder*, under such circumstances, would be no bar to an action by the *owner*.

ERROR from the supreme court.  McLaughlin came, by *finding*, to the possession of a *certificate* granted by the Waites, who were lottery ticket venders, in these words : " Literature lottery, second class, new series, Waites' office, 13, 27, 29.  This ticket will entitle the *holder* to one half share of such prize as shall be drawn to its number, in the second lottery new series, agreeable to an act of the legislature of this state, if demanded within twelve months after the completion of the drawing, subject to a deduction of fifteen per cent.  Half—G. & R. Waite.  New-York, May, 1823."  On the 23d July, 1823, the original ticket drew a prize of $5000, which on the 29th July was paid to the Waites.  On or about the day the money was received by the Waites, the

plaintiff called at their office, presented the certificate, said

that he had *found* it near the Fulton market, that he expect-
ed about $250 as a reward, but would be willing to receive
$100, and left his direction where he might be found in case
any one came to demand the prize; two or three weeks af-
terwards he called to inquire whether any one had come to
demand the prize. The ticket was advertised by the defend-
ants, in which the plaintiff acquiesced. On the 15th Decem-
ber, 1823, the plaintiff called a third time and then demand-
ed payment of the prize, to which demand the defendants an-
swered that they would pay the prize when the *right owner*
called. The plaintiff commenced his suit in May, 1824. The
judge charged the jury that the plaintiff had no right to re-
cover against the defendants, inasmuch as he came to the
possession of the ticket by *finding*, and that the condition
mentioned in the body of the ticket did not vary the rights of
the parties. The jury found a verdict for the defendants.
The plaintiff having tendered a bill of exceptions to the de-
cisions of the judge, moved the supreme court for a new tri-
al, which was denied and judgment was rendered for the de-
fendants. See 9 *Cowen*, 670. The plaintiff sued out a writ
of error. The cause was argued here by

*D. Selden*, for the plaintiff in error.

*A. Van Vechten*, for the defendants in error.

The following opinions were delivered:

By the CHANCELLOR. There is no doubt as to the right of
the finder of a chattel to retain the possession thereof against
all the world except the rightful owner. If chattels are
found secreted in the earth, or elsewhere, the common law
presumes the owner placed them there for safety, intending
to reclaim them. If the owner cannot be found, he is pre-
sumed to be dead, and that the secret died with him. In
such cases, the property belongs to the sovereign of the
country as the heir to him who was the owner; but if they
are found upon the surface of the earth, or in the sea, if no
owner appears to claim them, it is presumed they have been

intentionally abandoned by the former proprietor; and as such, they are returned into the common mass of things, as in a state of nature. They consequently belong to the finder or first occupant, who thinks fit to appropriate them to his own use. 1 *Black. Comm.* 308. 2 *id.* 402. Such also was the rule of the civil law as to all moveables found, and the same principle is incorporated into the civil codes of France and Louisiana. *Domat, B.* 3, *tit.* 7, § 2, *art.* 9, 10. *Code Napoleon, art.* 2279. *Civil Code of Louisiana, art.* 3383, 4, 5. If a person is in possession of a chattel which no one has a legal right to take from him, he is both the possessor and proprietor thereof, and may recover against any person who attempts wrongfully to divest him of that possession which is the evidence of his right. It was on this principle that the case of *Armory* v. *Delamire*, 1 *Strange*, 505, was decided. The chimney sweep's boy was entitled to the possession of the diamond by finding, and the jeweller having deprived him of it without any legal right, was held answerable therefor in damages. It did not lie in the mouth of a wrong doer to insist that the boy had no right; and the legal presumption being that the former owner had abandoned the property, the measure of damages was the full value thereof.

This principle, however, is not applicable to the present case. A negotiable note or banker's check is a mere chose *in action*, or evidence of the right of the real owner; and the lottery ticket vender's certificate can have no greater validity. All property in a thing in action must depend on contract either express or implied. It is not property, but an evidence of a right to property. If we apply to it the before mentioned principle of presumption, that the former owner voluntarily abandoned his right, the person against whom the legal claim existed is entitled to the benefit of such relinquishment. If property is abandoned it is in a state of nature, and the first possessor is entitled to it; but if a right of action, or a contract for the delivery of property, is voluntarily relinquished by the person entitled to the same, his right is gone; and no other person, without the consent of the original contracting parties, can recover on that contract.

For the purposes of commerce, the possession of certain negotiable securities, in the hands of bona fide holders, is conclusive evidence of right. But in those cases it is conclusive against the loser as well as against the debtor although the former shows that he never intended to abandon his right. The claim of the bona fide holder in those cases depends upon the principle of equity, that where one of two innocent persons must suffer by the wrongful act of a third, he who by his *negligence* has enabled him to do the injury must sustain the loss. In such cases possession is *prima facie* evidence of right; and a *bona fide* purchaser from the possessor under a supposition that he is the legal owner, will entitle the vendee to recover even against the loser. These circumstances in law operate as a legal assignment of the property.

On the same principle, by the common law, a sale of a chattel in market overt operated as a legal transfer, and divested the right of the owner. But a sale in market overt will not protect the property against the legal owner, if the purchaser knows it does not belong absolutely to the vendor. 2 *Black. Comm.* 450. If it appears that the holder of a negotiable note is not the legal owner, he cannot recover thereon unless he shews that he gave value for it, or received it in the ordinary course of business, or with the assent of the owner. He cannot recover on it unless such recovery will be a bar to any suit brought by the real owner. In this case, the defendants were *informed* that the plaintiff was not in possession of the ticket either as the legal or equitable assignee of the real owner, to whom, therefore, they would have remained liable if they had paid it to the finder under such circumstances. Even if a neglect to demand payment within the year would have been a forfeiture of the right of the real owner, which I very much doubt, this suit was brought before the expiration of the year. The judge was therefore correct in saying that condition did not alter the rights of the parties.

The defendants were the owners of the original ticket, and therefore were the proper persons to receive the prize from the managers. They of course must have given secu-

rity to pay the money to the legal owner of the share when-ever it was called for. By their agreement they did not con-tract to pay it to any other than the legal holder and owner of their certificate. Neither of the parties have any equitable right to retain the money; and if all the facts had been known to the managers with whom the original ticket was deposited, probably it would not have been paid over to either, but would have been retained until the person equitably enti-tled to this part of the prize had appeared.

Where money or other property is in the possession of one party and another seeks to recover it where neither has the right, if such possession has not been wrongfully obtain-ed, courts of justice will not interfere. The plaintiff must re-cover on the strength of his own title, and if he has no legal right to the property, the court will not enquire as to the rights of the defendant. No recovery can be had in this case with-out making a new contract for the parties to which the de-fendants never assented; nor without adopting a principle which might be dangerous in its operation.

I think the decision of the supreme court is correct, and ought to be affirmed.

By Mr. Senator ALLEN. It is admitted, both by the court below and the counsel for the defendants here, that when a person finds any thing, such finding gives him such a proper-ty in the thing found as will enable him to maintain an ac-tion of trover against any one who takes it from him, unless he be the rightful owner.

There being no doubt that the plaintiff was the legal pos-sessor of the lottery ticket in question until claimed by the rightful owner, the enquiry is whether he, as the representa-tive of the owner, was entitled to the amount of the prize it drew, or whether the defendants who sold the ticket were entitled to it.

I have found no case, (perhaps owing to the limited means for search within my reach,) similar to the one under con-sideration; and as this court, according to my view, is not strictly a court of law, I think I am authorized, in deciding questions brought before us for adjudication, to do so in ac-

cordance with the impressions on my mind, as to the justice and equity of the matter submitted.

The prize was payable to *the holder* of the certificate, and the purchaser must have known this fact, and that the holder only could claim the prize ; and that if he lost the certificate and was unable to produce it, he could not receive the money for the prize, as the sellers, or promissors, would claim to be relieved from the payment, in the event of its non-production, in accordance with the tenor of their agreement as expressed. Of this, it appears to me, there can be but little doubt; and as the *holder* only was entitled to the prize, the remedy of the owner, if he appeared to claim, must have been against the *holder*, who found or possessed the ticket, and received the money for it, and not against those who sold it and paid the prize in accordance with the engagement to the *holder*.

It must be conceded, I think, that the plaintiff evinced a creditable degree of honesty in the business, by admitting in the first instance that he was not the purchaser of the certificate, but that he had found it ; and by leaving a reference to his place of residence, in the event of any claim from the owner. The course thus adopted by the finder, however, although proceeding from a principle of strict integrity, was the cause, as appears from the reasoning of the court below, of depriving him of his right ; for, had he not disclosed the fact of finding, the defendants must have paid him the money, which, upon that fact being communicated, they refused to do.

A bill if lost and found by any person, gives him no property against the owner, though it *does* against all other persons, and the owner, may have trover for the bill in the finder's hands; but when it once becomes fairly transferred in the course of trade, the owner's property is from that time at an end. Therefore, if a banker or the acceptor of a bill of exchange pays a bill so drawn on him, he shall not be liable to the owner of the bill, if the bill has been lost or stolen, provided such payment has been made by him in the fair course of trade and business. 1 *Esp.* 105, 106. By this

rule, if the plaintiff had sold the certificate, the purchaser would have been protected, even against the true owner, because it would have been fairly transferred in the course of trade ; and nothing is more common than the sale of lottery tickets, and the delivery constitutes the transfer. It is, however, the fair course of the trade and business of the vendors of lottery tickets to pay such of them as shall have drawn prizes to the *holder* of such tickets ; and therefore, had the defendants paid the plaintiff on his producing the prize ticket, in my opinion the remedy of the owner would have been only against the receiver of the money, and not against the payer. As the case now stands, the defendants are not bound to pay even to the true owner, should he appear ; as in accordance with the decision of the court below, no demand can legally be made except by the owner ; and therefore, if the owner should appear, he would be met by the provision in the ticket, "*if demanded within twelve months after the completion of the drawing,*" and not having made the demand in that time, payment will of course be refused.

Whatever moveables are found on the surface of the earth, or in the sea, and are unclaimed by any owner, *are supposed to be abandoned by the last proprietor,* and as such are returned into the common stock and mass of things, and therefore they belong, as in a state of nature, to the first occupant or fortunate finder.    *2 Black. Comm.* 402.

I am unable to perceive why this doctrine should not apply to the matter under consideration. If I hold the note of a solvent bank it is the same as so much specie, because, the specie may at any time be obtained for it, so also for a lottery ticket entitled to a prize ; and if either of these evidences are found, and no owner appers to claim them, they ought to be considered as abandoned by the last proprietor, and to belong to the first occupant or fortunate finder. That the certificate in question has been so abandoned must be admitted ; for if it was otherwise, the publicity given to the fact of finding by its being advertised, the trial in open court, and the long time elapsed since the event, would have brought forward a claimant.

Of things personal, a title may be obtained to any thing found which does not come under the description of waifs, estrays, wreck or treasure-trove. If treasure-trove (specie) be found in the sea or upon the earth, it doth not belong to the king, but to the finder, if no owner appears. *Jacob's Law Dict. vol.* 4, 430, *vol.* 6, 285. If there is any authority in these quotations, then, to my view, the finding of the certificate, which might be turned into money as readily as the note of a bank, was the same in effect as though so much specie had been found, and belongs to no person but the finder, except claimed by the owner. A lottery ticket, as a transferable article, is the same as a bank note, and was intended to be considered by the makers of them, and has been so considered by the public ; as daily instances occur of such transfers being made, merely by delivery, without any verbal or written form whatever. If a bank note be found, it will not surely be contended that for such cause solely the bank who issued it would be authorized to refuse its payment. They promise to pay the *bearer*, and the venders of lottery tickets promise to pay the *holder ;* words of the same import, and equally binding upon the promissors. The defendants, therefore, were bound to pay the holder, and no doubt they would have paid him, but for his honest admission that he found the ticket.

The simple fact of the case is as follows; the plaintiff found a thing worth more than two thousand dollars ; but feeling, as every honest man would on the occasion, that the property was not his if the owner could be discovered, he informs the persons who were bound to pay the money that he had found it, and consents that the fact should be published in the newspapers, in order that the owner might know where to call for his property. No owner, however, appears, and the finder demands payment of the makers of the thing found, who refuse to pay ; he appeals to the courts, and they decide he has no right to recover ; by which the maker of the ticket not only receives the pay for the thing he had sold, but retains the money for the prize, to which he has no earthly claim, as appears to be admitted on all hands. The true owner has no claim, as he has lost his rights by omitting

to demand the money within twelve months after the draw-
ing of the lottery ; the possessor has no claim, because he
found the evidence ; and the defendants, who have received
the money from the managers, have no claim. Thus strange-
ly situated is this case by the decision of the court below.

It appears to me that the rule in all cases of finding ought
to be, that every person who found any thing that had been
lost or abandoned by the owner, should be bound to adopt all
reasonable means in his power to apprize the owner that the
article was found ; and if, after doing so, no claimant appears,
the article found ought to belong to the finder, he being ac-
countable to the owner, if at any time afterwards he shall ap-
pear, claim the property, and substantiate such claim by the
necessary proof.

I have come to the conclusion, therefore, that the plaintiff
was entitled to the prize drawn to the ticket he found ; and
consequently, that the decision of the court below was erro-
neous, and ought to be reversed.

By Mr. Senator BEARDSLEY. The law is well settled,
that the finder of a chattel acquires a right to the chattel
found against all the world except the owner. It is also well
settled, that the finder of a promissory note or chose in ac-
tion does not acquire such a right as will enable him to main-
tain an action for the money. The finder is entitled to hold
the thing found until the owner appears ; but if it is a note
or chose in action, it is but evidence of a right, and of no val-
ue unless enforced. *Peacock* v. *Rhodes, Doug.* 611. *Burr.*
452. *Miller* v. *Race,* 13 *East,* 135. *Solomons* v. *Bank of
England,* 2 *Campb. R.* 214. *Pierson* v. *Hutchinson, in note at
end of the case.*

It is true the finder, by transferring a note or bill of ex-
change to a *bonna fide* purchaser can confer a good title, and
he who steals a note or bill can do the same ; but this must
be before the note or bill is due, because if due the purchaser
takes it on the credit of the person who sells, and is charge-
able with notice of every fact that may be urged against it.
2 *Campb.* 214 *in note.* These principles are familiar, and
they appear to me to be conclusive against the plaintiff in

this cause. He found the certificate in relation to the ticket, and he gave notice to the defendants that he had found it. Having given them notice of the finding, they could not safely pay him the money without subjecting themselves to an action from the owner if he had appeared. And whether he appeared to claim the money or not cannot alter the rights of the parties. If the plaintiff is now entitled to recover, he was equally entitled the moment the money was due. It is one of those cases where neither party is entitled in right to the money, because it belongs to the owner of the ticket; but the law leaves the parties to enjoy the rights which they respectively possess. The plaintiff has a right to the certificate which he found; and the defendants being in possession of the prize money, must hold it till the owner appears; and if he never appears, it is their good fortune, as it would have been the plaintiff's, had he found the money instead of the certificate.

Suppose a foreigner should come into this state, one who had no heirs or representatives within it, and should bring with him a check on one of our banks payable to him or bearer, and should lose it or die and leave the check in his pocket, can it be contended that the finder of the check, or he who should possess himself of it, could maintain an action against the bank for non-payment, where notice was given to the bank that the person presenting it had found it? I think it cannot be maintained that an action would lie; and yet the bank would be in possession of the fund upon which the check was drawn, and would continue in possession until it was drawn out by the person who had placed it there, or upon his authority; and if he never drew for it, the bank would enjoy the fund as its own, without any right except that of possession. The law never divests one person of his possession of chattels or money for the sake of giving it to another, unless the other shews a paramount right. These principles are familiar, and are fairly deducible from the cases which have a bearing on the subject, and, I think, are conclusive against the plaintiff.

The opinion of the chief justice, I think, is a correct exposition of the law, and the judgment must be affirmed.

NEW-YORK,
Sept. 1830.

On the question, Shall this judgment be reversed? the members voted as follows:

For *reversal*—Senators ALLEN, CONKLIN, DEITZ, M'CARTY, M'MARTIN, REXFORD, THROOP, WARREN, WHEELER, and WOODWARD—10.

For *affirmance*—The CHANCELLOR and Senators ARMSTRONG, BEARDSLEY, BENTON, BOUGHTON, BRONSON, GERE, HUBBARD, MATHER, MAYNARD, McLEAN, OLIVER, SHERMAN, TALLMADGE, and TODD—15.

Whereupon the judgment of the supreme court was accordingly *affirmed*.