ALBANY,
March, 1839.

Robertson
v.
Lain.

ROBERTSON *vs.* LAIN.

It is no ground for setting aside proceedings at law that the defendant at the commencement of the suit was an habitual drunkard or otherwise incompetent to manage his affairs, or has become so since. It seems however that the plaintiff cannot safely proceed to judgment without the appointment of a guardian or attorney for the defendant.

It seems also that there is no use in prosecuting such suit after an inquisition found and the appointment of a committee, as the plaintiff cannot touch the person or property of the defendant and will have to apply to chancery for payment of his debt, and may not be allowed for the costs incurred at law. Besides he incurs the peril of answering for a contempt of the court of chancery by prosecuting the suit after notice of the proceedings in that court.

THIS suit was commenced by the service of a declaration March, 1839. on the defendant. On the first day of January last the plaintiff declared on two promissory notes made by the defendant in July, 1838. On a commission out of *chancery* it was found by inquisition on the 14th September last, that the defendant was incapable of conducting his own affairs in consequence of habitual *drunkenness*, and that he had been so incapable since the first day of June last. On the 19th December last a committee was appointed to take the care and custody of the drunkard and his estate. On behalf of the defendant and his committee a motion is now made to

ALBANY,
March, 1839.

Robertson
v.
Lain.

set aside the declaration and all subsequent proceedings, on the ground that the plaintiff was irregular in proceeding *at law*.

*J. Rhoades*, for the motion.

*J. L. Wendell*, contra.

*By the Court*, BRONSON, J. The care and custody of persons incapable of conducting their own affairs in consequence of habitual drunkenness, as well as of idiots, lunatics and persons of unsound mind, belong to the chancellor. 2 R. S. 52, § 1. If the plaintiff recovers in this action he will not be allowed to touch either the person or the estate of the defendant, but will be obliged to apply to the committee or the court of chancery for the payment of his debt. It is probable that he will then be required to establish the justice of his demand without any reference to the liquidation in this court, and without any allowance for the costs of this suit. The present proceeding is useless, to say the least ; and now that the plaintiff has learned the appointment of a committee, he cannot continue the prosecution of the action without the peril of answering for a contempt of the court of chancery. *Matter of Heller*, 3 Paige, 199. *Matter of Hopper*, 5 id. 489.

But I must leave the court of chancery to enforce its own jurisdiction. It is no ground for setting aside proceedings *at law*, that the defendant was a lunatic or otherwise incompetent to manage his own affairs at the time the action was brought, or that he has become so since. *Kernot* v. *Norman*, 2 T. R. 390. *Nutt* v. *Verney*, 4 id. 121. *Anon,* 13 Ves. 590. But the plaintiff will do well to consider whether he can safely proceed to judgment, until a guardian or attorney has been appointed for the defendant. *Beverley's case*, 4 Co. 124. *Faulkner* v. *McClure*, 18 Johns. R. 134.

Motion denied.