## DAVID H. ELLERY *vs.* NATHANIEL F. CUNNINGHAM & another.

The mate of a vessel, that was lying at Mobile, found two bales of cotton floating in the river there, took them from the water, put them on board the vessel and brought them to Boston, where the owners of the vessel agreed with him to take the cotton into their possession, and to be accountable to him for it, if they could not discover the owner thereof. They sold the cotton soon afterwards, and no owner appearing, the mate, after four years, demanded a settlement, which was refused.

*Held*, that he was entitled to recover of them the proceeds of the sale.

*Held* also, that he could recover interest only from the day when he demanded an account, they being his factors, and being, under the circumstances of the case, in no default before that day.

ASSUMPSIT to recover the proceeds of the sale of two bales of cotton. The parties submitted the case to the decision of the court upon the following facts : The plaintiff, in January, 1833, sailed from Boston to Mobile as chief mate of a vessel owned by the defendants. While the vessel lay at Mobile, the plaintiff and his brother, the second mate, while walking about the dock, on Sunday, saw two bales of cotton floating in the river, and with the assistance of persons hired by them for the purpose, they drew said bales from the river, and placed them on a wharf, where they remained for eight or ten days, until said vessel was about to sail, when they were put on the deck of the vessel, and brought to Boston. The second mate was paid by the plaintiff for his services, and claims no right to the cotton.

On the arrival of the vessel at Boston, in April, 1833, the cargo, specified in the cargo-book and bills of lading, was delivered to the defendants, these bales of cotton remaining on deck. The defendants told the plaintiff, that they would take the bales into their possession, and would send out the marks and numbers of them to Mobile, in order to discover the owners ; and that if the owners were not discovered, they would account with the plaintiff for them. The plaintiff replied, that he was willing to give up the cotton, if the owners should be found ; otherwise, he should hold the defendants responsible for it. The defendants answered, that they would be accountable to him for it, if no owner should be found, and thereupon took the bales into their ware-

nouse.   The captain of the vessel, on his next trip to Mobile, took with him the marks and numbers of these bales, and made inquiries for the owners, but could obtain no information concerning them ; and he has since made three other trips to Mobile, but has never been able to ascertain the owners.   No inquiries have ever been made of him, at Mobile, respecting this cotton. He claims no right to it.

On the 17th of April, 1837, the plaintiff called on the defendants and demanded an account and settlement ; and they, after showing him their books containing an account of the sale of the cotton, offered him ten dollars, which he refused to take. The defendants, before action brought, never claimed any right to the cotton for themselves ; nor have the owners of it ever been found.   The defendants, in May, 1833, sold it for $ 112·45, deducting the charge for freight, and the expense of the sale, and the money has ever since been in their hands.

If, on these facts, and the inferences which a jury would be authorized to draw from them, the plaintiff is entitled to recover, the defendants are to be defaulted, and judgment to be rendered for the plaintiff ; otherwise, the plaintiff to become nonsuit.

*Paine* was about to argue for the plaintiff ; but the court desir ed the defendants' counsel to begin.

*F. C. Loring*, for the defendants, argued that the plaintiff could not recover, without proving his property in the cotton. His only title to it is that of occupancy.   But property found on navigable water belongs to the sovereign, as a perquisite of the admiralty.   *The Aquila*, 1 Rob. 38.   Curtis's Adm. Dig. 209, *note*.   2 Kent Com. (1st ed.) 292.   *Peabody* v. *Bags of Cotton*, 2 Amer. Jurist, 119.   The admiralty has jurisdiction in such cases as this, and not the courts of common law.   Abbott on Ship. 399.   *Thackarey* v. *The Farmer*, Gilpin, 526.   The court will judicially notice the situation of Mobile, to determine whether the waters of the river there are within the ebb and flow of the tide.   *Peyroux* v. *Howard*, 7 Pet. 342.   1 Chit. Pl. (6th Amer. ed.) 252.

As this was a case of flotsam, the parties are entitled only to salvage, which none but a court of admiralty can decree.   All

10 *

the parties, including the defendants, are entitled to salvage, and cosalvors cannot sue each other.   Besides, the defendants, as owners of the vessel, were by law in possession of the cotton, and had a lien on it for freight.

The proceeds of the cotton belong to the master of the vessel, though his servant rescued it from the water.   Bac. Ab. Master & Servant, I.   Reeve Dom. Rel. 343.   1 Comyn on Con. (1st ed.) 224.

*Non constat,* that the owners will not hereafter appear and claim of the defendants the proceeds of the sale.   2 Amer. Jurist, *ubi sup.*   The promise of the defendants was without consideration.

*Paine,* for the plaintiff.   Admitting, for the purpose of argument, that this is a case of salvage, yet the defendants are entitled to no part of it.   The cotton was saved without any assistance of the vessel or the crew, and with no delay or risk. Nor was the plaintiff on duty when he found the cotton.   Nor has the master any claim to the money as salvage.   *Mason v. The Blaireau,* 2 Cranch, 240.

The plaintiff is to be regarded as a finder ; and as the second mate makes no claim to the property, no other person can interpose.   2 Bl. Com. 9.   *Armory v. Delamirie,* 1 Stra. 505. *McLaughlin v. Waite,* 9 Cow. 670.   *S. C.* 5 Wend. 404.   The case does not show that the cotton was within the jurisdiction of the admiralty.

This is the case of a mandate, and the plaintiff might have taken the property from the defendants at any time.   Story on Bailm. §§ 150, 151, 209.   The defendants promised to account with the plaintiff if no owner should be found.   A reasonable time has elapsed, and no owner has been found.   The defendants sold the goods, and assumpsit lies to recover the proceeds. 1 Petersd. Ab. 140.

SHAW, C. J.   The question as to what is the nature of the right of the finder of property lost or derelict, under the various circumstances in which it may be found, at sea or on shore, on the surface of the earth or buried beneath it, is often one of difficulty and nicety.   In general, however, it may be said that the

finder has a lawful possession, which none but the owner can question, and that possession gives him a special property sufficient to maintain trover against any one but the true owner. *McLaughlin* v. *Waite*, 5 Wend. 404.

But the court are of opinion, that none of the questions as to wreck, salvage, and the rights of joint salvors, arise in the present case. The plaintiff found the two bales of cotton floating in Mobile River, and with his brother, with some hired assistants, saved them, put them on board the vessel of which he was mate, and brought them home. As to the claim of the brother, the plaintiff paid him a valuable consideration for his equitable interest, and the brother makes no claim, and the plaintiff relies on an express promise to himself. The defendants were owners of the vessel, and after the cargo was discharged, they promised the plaintiff that they would take the two bales of cotton into their store, and would take measures to discover the owners, and if not discovered, they would account to him for the cotton. To this the plaintiff consented, holding them responsible to account to him, if the owners were not found ; they assuring him that in that event they would be accountable to him for the cotton ; and the two bales were taken by them accordingly. This was a clear and direct promise to account to the plaintiff on condition ; and no owner appearing after the lapse of a reasonable time, we think the defendants are bound by it.

It is urged that it was a promise without consideration ; but we think otherwise: The plaintiff, as finder, had a possession, and a possession very likely to be of considerable value to him, and a special property. Even as salvor, he had a valuable interest in it. The surrender of this possession was a legal and sufficient consideration for the promise.

It is said that the defendants, as owners of the vessel, were in possession of the property, at least, and had a lien upon it for freight, and that the plaintiff was not in possession . We do not so understand the case. The property was shipped on board by the plaintiff. The defendants, no doubt, had a lien for the freight, which could be discharged by payment of the freight, and which, no doubt, the plaintiff would have paid, but

for the defendants' promise. Putting the property into their hands to. sell and account for, superseded the necessity of any other payment of freight, because the sale enabled them to realize their freight, which they charged and deducted from the sale.

The defendants having received the goods from the plaintiff, and promised to account to him for them, have no right to question the plaintiff's title. Nor could they set up the title of any other person, unless they could show, that they had been legally obliged to surrender the property, or the proceeds cf it, to some person having a title paramount to that of the plaintiff.

A question has arisen, whether the defendants are chargeable with interest from the time the cotton was sold. We cannot perceive any thing to take the case out of the usual rule, that in the absence of any contract or usage, which may be evidence of contract, a factor is not liable for interest until he is in some default. We think, therefore, that in the present case, where from the nature of the agreement it must have been understood that the property must remain some time to wait for the appearance of an owner, the defendants were in no default until the plaintiff demanded an account and settlement, which was the day before the action was brought, and is the time from which interest on the net sales is to be computed.

*Defendants defaulted*