## STERNBERGH *vs.* SCHOOLCRAFT.

A judgment recovered in a court of law, against a person who has been found a lunatic, or an habitual drunkard, and whose person and property have been placed in the custody of a committee, will not, for that reason, be held void.

Such proceedings do not place the person of the lunatic beyond the jurisdiction of a court of law; though the late court of chancery which appointed the committee might have interfered by injunction to restrain such suit, and might have punished as for a contempt, any interference by suit when the person interfering acted with full knowledge of the commission.

This was a writ of error to the Schoharie common pleas. On the 25th day of September, 1843, John Schoolcraft, Jun. recovered a judgment against Adam Sternbergh, before John Gebhard, jun. a justice of the peace, for $25,77, damages and costs. The suit was by summons personally served, and the recovery was upon a promissory note signed by A. Sternbergh for $19,63 and interest, dated Dec. 14, 1839. In July, 1846, Schoolcraft commenced a suit on that judgment, against Sternbergh, before R. Gordon, a justice of the peace of Schoharie county. The cause was defended, and was tried by a jury. The plaintiff, after proving the recovery of the judgment, rested. The defendant then proved that about twelve years previous thereto he had been proceeded against in the late court of chancery as an habitual drunkard, and that a commission had been issued against him, and William Deitz had been appointed committee of his person and property; under which appointment he had acted until sometime in the spring of 1846, when the commission was revoked, and Sternbergh's property was restored to him. The jury not being able to agree on a verdict, the justice rendered a judgment in favor of the defendant for $3,58, the costs of suit. On *certiorari* to the late court of common pleas of Schoharie county, the judgment of the justice was reversed, and Sternbergh brought a writ of error to this court.

Sternbergh *v.* Schoolcraft.

*J. Houck*, for the plaintiff in error.

*R. Martin*, for the defendant in error.

*By the Court*, PARKER, J. The rule is well settled that no matter of defence which existed anterior to the recovery of the judgment can be pleaded or shown as a defence to an action upon the judgment. (1 *Chit. Pl.* 485. *McFarland* v. *Irwin*, 8 *John.* 78. *Green* v. *Ovington*, 16 *Id.* 58. *Griswold* v. *Stewart*, 4 *Cowen* 458. *Starbuck* v. *Murray*, 5 *Wend.* 148. 1 *Phil. Ev.* 317.) The validity of the note on which the judgment before justice Gebhard was recovered, cannot, there‐ fore, now be inquired into, if the justice had jurisdiction to render the judgment. And this question of jurisdiction is the only legal question involved in this cause.

It is not denied that the justice had jurisdiction of the sub‐ ject matter of the suit. But it is contended that he had no jurisdiction of the person of Sternbergh, because at that time William Deitz had charge of his person and property, as a committee duly appointed by the late court of chancery. This position is clearly untenable. The judgment was not *void.* The authorities are decisive on this point. The judgment was not even *erroneous.* It could not have been reversed on error, for the cause assigned. The justice had full jurisdiction of the person of Sternbergh, subject only to the interference of the court of chancery. In *Robertson* v. *Lain*, (19 *Wend.* 650,) a commission had issued and the defendant had been found an habitual drunkard. A motion was made to set aside the declaration and subsequent proceedings on the ground that the plaintiff was irregular in proceeding at law. The motion was denied; and Bronson, J. said, " I must leave the court of chan‐ cery to enforce its own jurisdiction. It is no ground for setting aside proceedings *at law* that the defendant was a lunatic, or otherwise incompetent to manage his own affairs at the time the action was brought, or that he has become so since." The same doctrine was held in the court of chancery. In the *mat‐ ter of Heller*, (3 *Paige*, 300,) the chancellor said, " although the

lunacy of the defendant may not always prove a legal defence, this court, upon a proper application by the committee, will restrain such a proceeding and compel the plaintiff to come here for justice."

Where a suit at law was brought with a knowledge of the commission, it was held a contempt punishable by the court of chancery, but the validity of the proceedings in the suit at law was never questioned. (*L'Amoureux* v. *Crosby*, 2 *Paige*, 427 *Sweet and wife* v. *Austin*, *Vern. & Scriv. Rep.* 306. 1 *Jac & Walk.* 636. ·5 *Wend. Rep.* 406. 1 *Sch. & Lef.* 229. 1 *Hogan's Rep.* 98. *In the matter of Hopper*, 5 *Paige*, 489.)

An idiot or lunatic is liable to be sued at law, after the execution of a commission of lunacy, and after his person is placed under the care of a committee. (1 *Cowen's Treatise*, 266. *Bac. Abr. tit. Idiots and Lunatics, D.* 2 *East*, 104. 2 *Term Rep.* 390. 4 *Id.* 121. 6 *Id* 133. 2 *Bos. & Pul.* 362. 12 *Ves.* 385. 13 *Id.* 590. 6. *Wend.* 497.) And an idiot or lunatic must sue and be sued in person ; though the court will permit his committee to assist in managing the prosecution or defence. (*Falkner* v. *McClure*, 18 *John. Rep.* 134. *In re Heller*, 3 *Paige*, 200.)

Whether the lunacy of the defendant in this suit when the note was executed formed a defence to it, was a question to be tried in the suit at law before Justice Gebhard ; and although the decision on that point might be erroneous it would be conclusive upon the parties, unless reversed on certiorari. But although erroneous, the judgment would not be void ; and it could not therefore be impeached when made the foundation of a subsequent suit.

I have shown that the fact that the defendant was a lunatic when sued formed no defence, and was not even a ground for setting aside the proceedings, or for reversing the judgment, on error. Much less can the judgment be held void for that reason, when a new suit is afterwards brought upon it ; whether before, or, as in this case, after the restoration of the lunatic.

The judgment of the court of common pleas must therefore be affirmed with costs, and that of the justice be reversed.