## MATHEWS and WIFE *v.* HARSELL.

A servant, finding a chattel in the master's house, (not being his property,) and retaining it by the master's consent, may maintain an action of trover against a wrongdoer who converts it.

Accordingly, where a servant woman found certain Texas notes in the house of her employer, who assumed their custody for her benefit, and entrusted them to the defendant for the purpose of ascertaining their value, &c., apprising him that she (the employer) was acting for the servant, and held the notes for her, and the defendant sold them and appropriated the funds to his own use; it was *held*, in an action brought in the names of the servant and her husband, for a conversion of the notes, that the defendant was liable for the value and interest from the time of their sale by him.

Whether a house servant, who finds lost jewels, money or chattels *in the house of his or her employer*, acquires any title even to retain the possession, *against the will of the employer ; quere ?*

THIS was an appeal by the defendant from one of the district courts. One of the plaintiffs, Mrs. Mathews, being a domestic in the house of a Mrs. Barmore, found some Texas notes, which she handed to her mistress to keep for her. Mrs. B. afterwards entrusted them to the defendant for the purpose of ascertaining their value, &c., informing him that she was acting for the servant, and held the notes for her. The defendant sold the notes and appropriated the proceeds to his own use ; whereupon the servant, joining her husband as co-plaintiff with her, sued the defendant and recovered judgment for the value of the notes, with interest from the date of the sale.

Mathews v. Harsell.

By THE COURT. WOODRUFF, J.—I am by no means pre-
pared to hold that a house servant who finds lost jewels,
money or chattels *in the house of his or her employer*, ac-
quires any title even to retain the possession, against the will
of the employer. It will tend much more to promote honesty
and justice, to require servants in such cases to deliver the pro-
perty so found to the employer for the benefit of the true
owner.

And yet the court of queen's bench, in England, have re-
cently decided that the place in which a lost article is found,
does not form the ground of any exception to the general rule
of law, that the finder is entitled to it against all persons ex-
cept the owner. (*Bridges* v. *Hawksworth*, 7 Eng. Law and
Eq. R. 424. Nov. 1851.)

However this may be, I have no doubt that where the em-
ployer not only waives any claim, but voluntarily assumes the
custody of the chattel for the servant's benefit, the servant
may have trover against a wrongdoer who converts it to his
use. Mrs. Barmore, when she entrusted the bills now in ques-
tion to the defendant, distinctly apprised him that she was act-
ing for Mrs. Mathews, and held the bills *for her*. The de-
fendant has no shadow of title to the property, and having
received it from one who he knew was acting on behalf of the
plaintiff, it does not lie in *his mouth* to say that the mistress
has the better title.

He cannot defend, by alleging title in Mrs. Barmore, which
she expressly repudiated when she entrusted the property to
him. And it is not for him, when he received the property
from her as the plaintiff's depositary and custodian, to call in
question the plaintiff's possessory title. According to her own
account of the transaction, Mrs. Barmore's possession was the
plaintiff's possession, and is to be so regarded.

The case of *Armory* v. *Delamirie*, 1 Strange, 509, cited
with approbation in *McLaughlin* v. *Waite*, 9 Cow. 670; 5
Wend. 404; (see *Duncan* v. *Spear*, 11 Wend. 51,) seem to
me fully to sustain this action upon general principles; and if
the fact that the property was found in the house of the mis-

tress might otherwise affect the plaintiff's right to sue, we think that the sanction of the mistress in this case removes all doubt on the subject.

The rule of damages adopted by the court below was correct. The sale of the Texas notes was a conversion to his own use; there was no evidence of any previous conversion. Their value, with interest, was the proper rule of damages.

The judgment must be affirmed with costs.