## DEMILT *a.* LEONARD.

*Supreme Court, Sixth District; General Term,* 1860.

INSANE PERSONS.—JUDGMENTS OVERREACHED BY INQUISITION.— MOTION TO SET ASIDE JUDGMENT.

An action may be maintained on behalf of a lunatic to set aside a judgment which is overruled by an inquisition of lunacy ; or the court may, on motion, set aside such judgment.

An inquisition of lunacy is presumptive evidence even against strangers to the proceeding.

Subsequent to the recovery of judgment against plaintiff,—which was recovered for costs on proving a former settlement of the matters in controversy,—an in-

Demilt *a.* Leonard.

quisition of lunacy was had concerning the plaintiff, and she was declared thereby to have been incapable of managing her affairs for a period which included the time of the alleged settlement.

*Held,* that the court should grant a motion to set aside the judgment, the judgment having been, moreover at the same term reversed on appeal.

Appeal from order denying motion to set aside judgment.

The plaintiff in this action failed and suffered judgment against her for costs, on the ground of a former settlement of the matters in controversy. After the judgment was recovered, a commission of lunacy was issued against her, and she was by the inquisition declared to have been insane for a long period, which overreached the time of the alleged settlement. A committee of her person and estate was thereupon appointed, and he moved the court at special term to vacate the judgment. The motion was denied, and he appealed. Meanwhile the judgment itself had been also appealed from.

*E. E. Ferry,* for the appellant.

*A. Becker,* for the respondent.

By the Court.*—Balcom, J.—The judgment was rendered against the plaintiff before the issuing of the commission to inquire in regard to her lunacy; but the finding of the jury that the plaintiff had been of unsound mind, and incapable of taking care of herself or her affairs without interval for about nine years, is presumptive evidence that she was a lunatic when the judgment was obtained. (2 *Paige,* 422; 6 *Wend.,* 497.) The case of Osterhout *a.* Shoemaker (3 *Hill,* 513), shows that the inquisition is evidence, even as against strangers to the proceeding, who had no opportunity to offer or cross-examine witnesses. They must overcome the presumption created by the inquisition, by evidence on their part.

When an application was made to the chancellor to set aside some judgments recovered against a lunatic in actions at law, he used this language: "I doubt whether it is right to interfere in this summary way to deprive the plaintiffs of their legal liens,

---

* Present, Mason, Balcom, Campbell, and Parker, JJ.

although the recovery of the judgments, and the whole pro-
ceedings in those suits are overreached by the finding of the jury,
under the commission of lunacy. As the court of law had
jurisdiction of the cases, if the judgments are either irregular
or erroneous, on the ground that the suits were prosecuted
against a defendant who was legally incompetent to make any
defence thereto, the remedy appears to be by a summary appli-
cation to the court in which the judgments were obtained, or by
a writ of error. Or if there is no remedy at law, and the judg-
ments have been improperly recovered against a lunatic, for
pretended claims, which were not justly due, it may be a proper
case for the committee to proceed by a bill in equity, to be re-
lieved against such judgments." (Matter of Hopper, 5 *Paige*,
491.) The Supreme Court refused, under our former system of
practice, to set aside a judgment obtained by default against a
person who had been found by inquisition to be an habitual
drunkard. The court said : " We do not think the proceedings
irregular. The committee should apply to the Court of Chan-
cery." (Clarke *a.* Dunham, 4 *Den.*, 262, where Robertson *a.*
Lain, 19 *Wend.*, 649, is cited.) This court held, in Sternberg *a.*
Schoolcraft (2 *Barb.*, 153), that a judgment recovered in a court
of law against a person who has been found a lunatic or an
habitual drunkard, and whose person and property have been
placed in the custody of a committee, will not, for that reason,
be held void. The same doctrine was asserted in Crippen *a.*
Culver (13 *Barb.*, 424). But such judgments are not conclusive
upon the committee of the lunatic. They may be examined
and their fairness ascertained. The equitable rights of the
lunatic will be protected. (See 2 *Paige*, 153 ; 14 *Barb.*, 488.)

It is clear that the fairness of a judgment obtained against a
lunatic may be attacked by an equitable action instituted by his
committee. It may be modified or annulled in such an action.
And as the Court of Chancery has been abolished, and general
jurisdiction in law and equity has been conferred on this court
(*Const.*, art. 6, § 3), I can see no well-grounded objection to
this court setting aside judgments against lunatics, on motions
made by their committees. Difficult questions of fact, arising
on such motions, may be referred to a referee to determine.
(*Code*, § 271, subd. 3 ; 18 *N. Y.* (4 *Smith*), 484.)

In this case the plaintiff was beaten by reason of a settle-

ment, which the inquisition, *prima facie*, shows was made with her when she was a lunatic. And it was made under circumstances that satisfy me the judge should have set aside the judgment and ordered a new trial, or directed a reference to ascertain the fairness of the settlement and the sanity of the plaintiff at the time she made it. I am, therefore, of the opinion the order appealed from should be reversed, but without costs to either party, as the practice in such cases has not been settled since the existing organization of our courts. I also think no other disposition of the motion should now be made, for the reason that we have, at this term, reversed the judgment against the plaintiff, and granted a new trial, costs to abide the event, on an appeal from the judgment itself, for an error committed on the trial.

Decision accordingly.