ASSUMPSIT on three promissory notes made on the 6th of May, 1869, by the firm of McDevitt Co. to the order of the plaintiff, one at sixty days, another at four, and the other at six months for $75.83, each. The action was against McDevitt and the defendant jointly as the members of the late firm of McDevitt Co., but the writ was returnednon est as to the former who had left the State, and the defendant had filed an affidavit denying the existence of the partnership when the debt was contracted by McDevitt alone, and affirming that he had afterward given the notes in question for it in the name of the firm without his knowledge and consent. It was proved by the admission of the plaintiff that the money was loaned to McDevitt *Page 451 
individually before the partnership between him and the defendant was formed, but that he, the plaintiff, knew that it went into the partnership, and he, therefore, considered the defendant liable for it, for he also knew that it was put into the partnership.
Gordon, for the plaintiff. Upon the evidence the plaintiff was entitled to recover, for notwithstanding the money was loaned by him to McDevitt alone before the formation of the partnership between him and the defendant, if it was afterward put into the business of the partnership and became a part of the capital to start it, and the defendant was aware of that fact, he by implication assented to such use of it and enjoying the joint use and benefit of it as a member of the firm, he was liable as such, to the plaintiff on the notes which were afterward given by a member of the firm and in the name of the firm while he was member of it, for the payment of them.
Patterson, for the defendant. One partner cannot bind the partnership by its promissory note for his individual debt without the consent, either express or implied, of the other member of it; and money loaned to an individual before the formation of a partnership of which he afterward becomes a member, although loaned to him for the purpose of being put into it, could not be recovered from the partnership, or any other member of it, unless they have afterward ratified and adopted it as a firm, as a debt for which they were originally liable, or for which they now elect to give their joint security. Sto. on Partn. secs. 146, 148. Col. on Partn. secs.
516, 519. 15 East 13. 22 E. C. L. R. 81. 7 Wend.
328. 5 Wend. 412. 16 Johns. 40. 2 Esp. 731. 4Johns. 266.
Gordon, replied.
The Court,
The action purported to be between the original parties to the notes, *Page 452 
or the plaintiff as the payee, sues the defendant as a maker of them. As a general rule, the presumption of law was that a promissory note made in the name of a partnership, is for a debt of the partnership, and is binding upon it as such. But that presumption may be rebutted in any case by proof that the party taking or holding the note in fact knew when he took it or received it that it was not for a debt of the partnership, but was for the individual debt of one of the members of it; and under the evidence in the case, about which there was no dispute, the action could not be sustained, even, if the jury should be satisfied that the money loaned by the plaintiff to McDevitt was afterward put into the business of the partnership on its formation between him and the defendant, and that the defendant knew that fact.