JACOB DENNI, GUARDIAN, v. J. T. ELLIOTT ET AL.

(Case No. 4412.)

1. JUDGMENT AGAINST A LUNATIC — COLLATERAL ATTACK.— A decree founded on an agreement made by the counsel for a party to the suit, said party having been adjudged insane, is voidable only, and binding on parties and privies until vacated and set aside by a direct proceeding. Such a decree is not subject to collateral attack.

2. HOMESTEAD.— One purchasing land at sheriff's sale borrowed the money with which to pay for it, and executed a deed of trust to the land contemporaneously with the sheriff's deed, in which he recited that "the property is not incumbered, and is not my homestead; my homestead lies in Dallas county, west of Dallas." *Held*, no homestead rights could attach to the land in favor of the purchaser as against the deed of trust. The sheriff's deed and the deed of trust must be regarded each as parts of the same transaction by virtue of which the purchaser acquired the land.

APPEAL from Dallas. Tried below before the Hon. Geo. N. Aldredge.

Appellants brought this suit to enjoin a writ of possession issued upon a judgment of the district court of Dallas county rendered in favor of Elliott, and against A. Coiret, for certain lots in the city of Dallas.

The case made was as follows: In suit by the McCommas heirs *v.* C. N. & C. Coiret, a consent decree was made and entered by the district court of Dallas county, December, 1875, whereby five-sixths of the property in controversy was adjudged to the McCommas heirs and one-sixth was adjudged to Coiret and wife, and the prop-

erty was ordered to be sold for purposes of partition. It was sold and purchased by Coiret, who secured a loan from Elliott of $600 to enable him to make the purchase, and executed a deed of trust upon the property to Gibbs. Having failed to pay the loan, Gibbs sold the property and Elliott purchased the same, and instituted suit of trespass to try title against Coiret, and recovered the judgment upon which the writ of possession issued that was sought to be enjoined. The property was claimed to be the separate property of Mrs. C. N. Coiret, and that she was insane for a long time prior to the decree; was adjudged a lunatic in August, 1875, and from thence continued insane, and died June, 1876, an inmate of the asylum. That the said property was the homestead of Coiret and wife, and not subject to the trust deed.

Appellees answered by general and special exceptions, general denial, and asserted the consent decree, the sale under the deed of trust, and the judgment in the suit of trespass to try title, as valid, etc.; also that Elliott had conveyed the land to Hughes.

Hughes intervened, setting up his purchase from Elliott and adopting his answer.

Judgment was rendered against appellants, dissolving the injunction, etc., from which this appeal was taken. The main issue was as to the effect of the consent decree.

Appellants Esther and Clara Coiret were minors, and sued by their guardian Denni, and were the children of appellant C. Coiret and his deceased wife, C. N. Coiret.

It was admitted that Mrs. C. N. Coiret was adjudged a lunatic in August, 1875. The agreement upon which the decree was founded was signed by Morgan & Gibbs, attorneys for C. & C. N. Coiret.

*R. E. Bumpas* and *H. Barksdale*, for appellants, cited: Parsons on Contracts, 383–388; Fitzhugh *v.* Wilcox, 12 Barb., 169.

*W. E. Hughes*, for appellees.

Watts, J. Com. App.— Appellants claim that the decree in the case of John McCommas *et al. v.* C. N. Coiret *et al.* is void, and, therefore, subject to collateral attack. Mrs. C. N. Coiret, a party to that proceeding, had been adjudged insane some time previous to entering the decree, and was in the asylum at that time, but it does not appear that any guardian was appointed, and no notice of her insanity was taken in the case. The decree was made and entered upon the agreement of the attorneys representing the parties to the

suit. And this suit is by the surviving husband and the children of Mrs. C. N. Coiret, deceased.

In Freeman on Judgments, § 152, it is said: "While an occasional difference of opinion manifests itself in regard to the propriety and possibility of binding *femes covert* and infants by judicial proceedings in which they were not represented by some competent authority, no such difference has been made apparent in relation to a more unfortunate and more defenseless class of persons; but by a concurrence of judicial authority, lunatics are held to be within the jurisdiction of the courts. Judgments against them, it is said, are neither void nor voidable. They cannot be reversed for error on account of defendant's lunacy; the proper remedy in favor of a lunatic being to apply to chancery to restrain proceedings, and to compel plaintiff to go there for justice. In a suit against a lunatic the judgment is properly entered against him, and not against his guardian. A lunatic has capacity to appear in court by attorney. The legal title to his estate remains in him, and does not pass to his guardian. The judgment, to be effective, cannot, therefore, be against any other person than the lunatic."

The established doctrine in the state of New York seems to be that a judgment against a lunatic is neither void nor voidable.

In Sternbergh v. Schoolcraft, 2 Barb., 155, the court said: "I have shown that the fact that the defendant was a lunatic when sued formed no defense, and was not even a ground for setting aside the proceedings, or for reversing the judgment on error. Much less can the judgment be held void for that reason, when a new suit is afterwards brought upon it, whether before or, as in this case, after the restoration of the lunatic." See, also, Clarke v. Dunham, 4 Denio, 262; Robertson v. Lain, 19 Wend., 649.

In this state it is well established that a judgment rendered against a party who is dead at its rendition is not void, but only voidable. Mills v. Alexander, 21 Tex., 162; Giddings v. Steele, 28 Tex., 755.

In Brown v. Rentfro, 57 Tex., 327, a decree, entered upon the agreement of the parties, was attacked in a direct proceeding upon the ground that one of the parties was a lunatic at the time the agreement was made and the decree entered. The decree was there considered as only voidable, and subject to confirmation by the party.

In Elston v. Jasper, 45 Tex., 413, it is held that the deed of an insane person is not void, but only voidable. But it is there said that "such a person, whilst actually under legal and subsisting guardianship, and, in support of the guardian's authority, is conclu-

sively presumed incompetent to contract, and his deed, as against his guardian, is absolutely void."

There the instrument under consideration was a title bond made by Mrs. Elston after she had been adjudged a lunatic, and a guardian had been appointed. She resisted the enforcement of the bond because of her insanity at the time it was made. The court seems to have considered, as to her, the bond was subject to her ratification, and, therefore, not void.

The agreement upon which a decree was entered was, in the case of Cannon v. Hemphill, 7 Tex., 184, held to have merged into the judgment. So in this case the rules of law applicable to judgments, rather than those applicable to contracts, should be applied. And from the authorities cited above it would seem to follow that the decree in the case of McCommas et al. v. C. N. Coiret et al. must be considered as voidable, and not void. Thus considered, it was not subject to collateral attack by appellants, but is binding upon the parties and their privies until vacated or set aside by some of the modes prescribed.

After the decree was made and entered Coiret and wife could have no homestead right to the property; they only had title to a one-sixth interest in the lots, and the whole was ordered to be sold for the purposes of partition. Coiret purchased the property at the sale made under that decree, and, to enable him to do so, secured the loan from Elliott. And the deed of trust to Gibbs was executed at the same time the sheriff executed the deed to Coiret. They were, it seems, parts of the one and same transaction, and no title vested in Coiret to support his claim of homestead as against Elliott. And more especially is this true when the evidence and the recitals in the deed of trust are considered. Gibbs, as the agent and attorney for Coiret, had secured the loan from Elliott upon representations that the security was good. And it is recited in the trust deed: "The said property is not incumbered, and is not my homestead; my homestead lies in Dallas county, west of Dallas."

Our conclusion is that there is no error in the judgment, and that it ought to be affirmed.

AFFIRMED.

[Opinion adopted November 16, 1883.]