### Fritz Hahn v. Sarah Goings.

#### Decided February 17, 1900.

**Wife's Separate Property—Judgment on Liquor Dealer's Bond for Selling to Husband.**

Money collected by suit under the statute upon a liquor dealer's bond for selling liquor to the husband after notice from the wife, though the judgment therefor be in the joint names of the husband and wife, is the separate property of the wife, and where she is divorced from the husband before the money is paid over by the attorney, she can require its payment to herself.

Appeal from Tarrant. Tried below before Hon. Irby Dunklin.

*M. D. Priest,* for appellant.

*Gillespie & Massingale,* for appellee.

HUNTER, Associate Justice.—This case arose upon a motion in the District Court of Tarrant County made by appellee against her attorney to compel him to pay over to her the amount of two judgments collected by him in two certain suits he had prosecuted against a saloon-keeper and the sureties on his bond for selling liquor to her husband, he being then an habitual drunkard, after she had notified him in writing not to sell to him.

One of the suits was prosecuted and judgment obtained in the name of the appellee, Sarah Hahn, and the drinking husband, while the other one was brought in the name of the wife only. It appears that, after paying certain expenses, the attorney had collected the net amount of $616, which he fully accounted for by showing payments made to the husband, Fritz Hahn, and to the wife, and reserving one-half of the amount collected as his fee under their contract made with both husband and wife. He then showed that he yet had in his hands the sum of $82.20, and was ready to pay it over to either Fritz or Sarah, whichever the court might determine entitled to it. He interpleaded Fritz, the late husband, who was cited and appeared and claimed that the sums so recovered on the bond in the two cases were community estate, and that he alone was entitled to it, while the wife claimed it as her separate property.

At the time and before the suits were brought against the saloon keeper, and at the time the judgments were rendered, Sarah and Fritz

were husband and wife, and so they were when the attorney collected the money, except that $60 was collected on the judgment in their joint favor after the twain were divorced. Five hundred and fifty dollars, the full amount of the judgment in favor of Sarah alone, was collected after the suit for divorce was begun by her, but before the decree of divorce was rendered. The decree of divorce did not dispose of any property rights of the parties.

The learned district judge, who tried this cause without a jury, held that one-half of the sum collected belonged to the wife as her separate estate, and as she had not received her half by more than $82.20, he rendered judgment in her favor, and Fritz has appealed from that judgment.

The general rule is that all property acquired by either husband or wife during coverture, not by gift, devise, or descent, is community property and belongs to the husband, except that upon divorce the court shall divide it equally. Rev. Stats., art. 2968; Ezell v. Dodson, 60 Texas, 337; Railway v. Burnett, 61 Texas, 638; Gallager v. Brim, 66 Texas, 266; Railway v. Bailey, 83 Texas, 24; Dixon v. Sanderson, 72 Texas, 361; Railway v. Terrell, 69 Texas, 652; Gibson v. Gibson, 28 Am. Rep., 527. But in this case, where the Legislature has expressly given the wife the right to sue a saloon-keeper on his bond for selling liquor to her husband, we think the sum collected by such suit is her separate property—all of it—and the husband is not entitled to any of it, whether he is or was a party plaintiff to the suit or not. 1 Sayles' Civ. Stats., art. 5060g; Wright v. Tipton, 92 Texas, 168.

It is very doubtful whether the husband is a proper party to such a suit on the bond. See Nickerson v. Nickerson, 65 Texas, 284. But it is not necessary for us to decide whether he was or not.

The judgment of the District Court is affirmed.

               *Affirmed.*

Writ of error refused.