## SUPREME COURT.

Hubbell & Curran agt. Dana, Receiver of the Utica Insurance Company.

*It seems,* that in an action against a *receiver,* application to the court should first be made for leave to prosecute. (*The views expressed in relation to restraining receivers in the case of Van Rensselaer agt. Emery, ante, p. 135, concurred in.*)

But where a general notice of appearance has been served by defendant's attorney, it is a waiver of the irregularity in commencing the suit without leave of the court.

E. J. Richardson, *for plaintiffs.*
White & Dana, *for defendant.*

Bacon, Justice. The history of this case, and an extended narrative of the merits of the controversy, are very unnecessarily spread out in the affidavits on which this motion is resisted. There is but a single question involved, to wit, whether the plaintiffs had a right to commence the suit without first asking leave of the court, the defendant being a receiver and prosecuted as such. It was undoubtedly a rule of the old court of chancery of this state, that its officers (including receivers) should not be harassed by suits brought against them at law, involving title to any property held by them as receivers, or questioning the propriety of their acts in their official capacity. (7 *Paige* 515; 8

*id.* 388.) I have some doubt whether this rule now obtains under our present system, where law and equity are merged and consolidated in one tribunal, although in the latest case I have seen (9 *How.* 135) it is intimated, although not directly decided, that the proper mode of restraining a receiver when in the discharge of his official trust, is by an application to the court for instructions; and this I am inclined to consider a proper and judicious rule to be observed. But the conclusive answer to this motion is, that before it was made the attorneys for the receiver had served a general notice of appearance in the suit on the plaintiffs' attorney. This, it has been repeatedly held, is a waiver of any irregularity in the commencement of the suit. It is an admission that the defendant has been regularly brought into court. (7 *Cow.* 366; 5 *How.* 233; 6 *How.* 439.) The application to the court by the plaintiffs for leave to prosecute would have been a mere form, and, if necessary, can be granted at any stage of the suit.

The motion to dismiss the complaint is denied; but as the defendant is a receiver, and the plaintiffs may not have been technically right in their practice, it is without costs.