## FINCH *a.* CARPENTER.

*Supreme Court, Second District; Special Term, Sept.,* 1857.

ACTION ON JUDGMENT.—LEAVE OF THE COURT.

Section 71 of the Code,—prohibiting actions to be brought on judgments without leave of the court,—is applicable to judgments recovered before the Code.

The proper remedy where an action is brought upon a judgment without the leave of the court required by section 71 of the Code, is by motion to set aside the summons and complaint.

Where defendant in an action on a judgment moves to set aside the summons and complaint, for the reason that the action was commenced without leave of the court, such leave should not be granted *nunc pro tunc,* upon the motion to vacate the proceedings, but the plaintiff should be left to his direct motion for such leave.

Motion to set aside a summons and complaint.

This action was brought by Nathan Finch and others against Daniel Carpenter. The action was commenced April 10, 1857, and was brought upon a judgment of the Supreme Court, between the same parties, perfected April 10, 1837.

No leave to bring this action was obtained; and on an affidavit of that fact defendant now moved to set aside the summons and complaint.

*L. W. Goddard,* for the motion.

*C. Frost,* opposed.—I. Section 71 of the Code does not prevent the bringing an action on a judgment rendered before the Code took effect. Section 468 provides that all rights of action given or secured by existing laws may be prosecuted in the manner

provided by the Code. See McGuire *v.* Gallagher (2 *Sandf.*, 402); Quick *v.* Keeler (*Ib.*, 231).

II. If leave is held necessary, the court may grant it *nunc pro tunc* upon this motion.    (Burrough *v.* Smith, cited in *Voorhies' Code, ed.* 1855, § 71, *note d.*)

BIRDSEYE, J.—I see no reason for doubting that the provisions of the first clause of section 71 of the Code apply to judgments rendered before the Code took effect as a law, as well as to those rendered thereafter.    The language of the enactment is sufficiently broad to cover both classes of cases.    And the terms of section 73 show that where the Legislature intended to restrict the operation of the Code to subsequently accruing rights, they felt the necessity of making an express exception.

Nor is the plaintiff's position assisted by that part of section 468 of the Code, which provides that all rights of action given or secured by existing laws, might be prosecuted in the manner provided by that act.

Section 71 applies merely to the form of the proceedings ; and section 468 is fully complied with when a party desiring to bring an action on a judgment recovered before the Code, is required to prosecute in conformity with the directions of section 71—that is, by obtaining leave to bring the action by motion, on previous notice to the defendant.

The proper method of course for raising the objection is by motion.    The complaint is not defective.    It sets forth, *prima facie*, sufficient facts to show the liability of the party sued.    But the action is brought in plain violation of the statute, and the court may, on a motion, interfere to prevent the act which the law thus forbids.

The plaintiffs, however, claim to be allowed the necessary leave to bring the suit, *nunc pro tunc*, as of a day prior to the commencement of this action.    It is sufficient to say here, that leave is only to be obtained of the court, for good cause shown, on notice to the adverse party.    The defendant is to have the position of the resisting, not of the moving party.    He is entitled to have a full opportunity to answer the plaintiff's affidavit.    Such an opportunity has not been given him in this case.

The defendant's motion must be granted with $10 costs, unless

the plaintiffs shall, within twenty days after service of this order on them òr their attorney, give notice of a motion for leave to bring the action, *nunc pro tunc.* If notice of such motion is given, then all proceedings, of both parties, are stayed till the hearing and decision thereof.