By the Court,
Robertson, Ch. J.
Upon the question of the sufficiency of the demurrer of the defendant, David B. Salter, the copy of the complaint served upon his attorney must control as to the character of the note in suit. Only two questions are presented on such demurrer. (1.) Whether a plaintiff can sue upon a claim which has been merged in a judgment against joint debtors, not those who were served with process, either with or without leave of the court. (2.) If the former, whether it is necessary to allege such leave in the complaint.
Bringing an action upon a judgment where it may be brought at all without the leave of the court required by the 71st section of the Code, is a mere irregularity, which may be waived by the opposite party, by not taking advantage of it in time or otherwise, and it does not constitute any part of the cause of action.
The Code prohibits the bringing of any action upon a judgment rendered in any court of this state (except those of justices of the peace) between the same parties, without leave of the court for good cause shown, obtained on notice. .(§ 71.) *242 It may be doubted, however, whether strictly such prohibition extends to parties not served with process in an action against joint debtors, as regards the nominal judgment rendered against them, as it has been held that as regards them the original contract is not merged in such judgment. (Oakley v. Aspinwall, 4 N. Y. Rep. 514. S. C. 13 id. 500.) It becomes necessary, therefore, to determine whether such action can be brought at all upon a judgment obtained against joint debtors, where some have not been served with process. At common law no judgment could be rendered against joint debtors, until they had all been notified of the suit or appeared or been outlawed. Provision was made in this state by statute, (1 R. L. 1802, 353,) allowing judgment to be entered in form against several joint debtors where only one had been served with process. Under this statute it was early held that an action of debt would lie on such judgment, against all the defendants, because it was to some extent a merger of the original cause of action, (Dando v. Doll, 2 John. 87,) and this was confirmed by subsequent decisions, (Bank of Columbia v. Newcomb, 6 John. 98; Taylor v. Pettibone, 16 id. 66,) down to 1830. (Carman v. Townsend, 6 Wend. 206. S.C. 6 Cowen, 695.) In that year the revisers introduced in the Revised Statutes a provision making the judgment evidence only of the extent of the plaintiff’s demand, after the defendant’s liability' should be established by other evidence, (2 R. S. 377, § 2,) but they permitted personal property held by the defendants not served jointly with those served, to be levied upon under an execution issued on such judgment. (Id. § 4.)
The revisers in a note to such second section (2 R. S. 177,) say ; “ The law on this subject seems unsettled and after referring to the cases of Taylor v. Pettibone, and Carman v. Townsend, (ubi sup.) before cited, add •; “ The better opinion probably is, that the defendant not brought in, may contest the judgment, but this throws upon him a very onerous bur-then of proving a negative, The above section seems calculated to prevent fraudulent combinations and to give a plaintiff all that he could require.” Under this statute it was held *243 that if in the original action, the defendant served omitted to contest his liability, the joint defendant not served was concluded by the judgment as to the amount, although not as to the question of joint indebtedness. (Eddy v. O’Hara, 14 Wend. 221.) Such statute was amended in 1833, by giving to judgments and executions in actions commenced by the service of a declaration upon one of several joint debtors, the like effect as if the action had been begun by service of process on one.
Under these provisions, it was held that in a petition to obtain an attachment against joint defendants, as non-residents who had not been served with process, in an action in which judgment had been entered against them, it was improper and insufficient to state that the claim arose upon a judgment against such defendants, (Oakley v. Aspinwall, ubi supra;) the main ground of such decision being that it was not conclusive, or even evidence of the liability of the party not served.
The Code, however, provides, (§ 136,) that when an action is brought against several defendants jointly indebted on contract, if the plaintiff recover judgment, he may enter it against all the defendants,, to be enforced against the joint property .of all, wholly omitting the provision of the Revised Statutes as to the effect of the judgment as evidence of the extent of the liability of the defendants not served. But subsequent sections, (§§ 375, 377, and 379,) provide that in that case, those not originally served with a summons, may be summoned to show cause why they should not be bound by the judgment in the same manner as if they had been originally summoned. They prescribe the form of such summons, and give the party summoned the right of denying by answer the judgment, and setting up any subsequent defenses, or in cases under the 375th section, (such as that in question,) any defense which he might have had to the action, if originally served with a summons. The statute of limitations was originally excepted, but that exception has been lately abolished by an amendment. The 380th section permits demurrers, and replies to the answer *244 and demurrers to the latter ; and gives a right of trial and judgment in the same manner “ as. in an action,” to be enforced by execution or attachment. Such a proceeding is evidently in the nature of a scire facias, and is one of the remedies entitled a “ special proceedings,” in the Code, (§§ 1, 2, 3.) Without such a provision, there was no mode of enforcing a claim against a joint debtor not originally served with process in the action in which a judgment had been rendered, except by levying on property which he held jointly with the defendants served or by a new action, which it was held must be brought formally on the judgment, although the latter did not constitute the cause of action. The right of action against some joint debtors, upon a judgment against all, in an action where the former were not served with process, was, therefore, never a ■ creation of the statute but of necessity, in order to prevent a failure of justice. And courts were obliged to hold that although the action was in form upon the judgment, the latter had none of the essentials of a judgment, except what the statute expressly gave. The former statutory effects of such judgment, to throw upon a joint defendant not served the burthen of making out affirmatively his defense, and to be conclusive as to the amount of liability when the fact was established, have been successively removed, and the defendant not served is now allowed by the Code, in the special proceeding thereby authorized, .to make the same defense, in the same manner as if originally served. This takes away all the privileges . formerly possessed by a plaintiff who had obtained a judgment against several, having only served some with process; except the execution against joint property which is independent of the right of recovery. There is, therefore, no longer any necessity for retaining his right of action on the judgment, a new remedy equally complete, more summary and, less expensive, having been given, which at the same time preserves all the rights of the defendants. Any right of action on the judgment which might remain, would be derived, not from the Code, but from the insufficiency of former statutes to do complete justice, and it must retain all *245 the advantages to the plaintiff, and disadvantages to the defendants, which it acquired under them, hut which under the new special proceeding created hy the sections of the Code before referred to, (§ 375, et seq.) are excluded. Such a proceeding is, therefore, to be considered not as a cumulative but as a substituted remedy. It comes within the spirit, (if not the letter,) of the 469th section of the Code, which abrogates the former practice of courts, and the 470th, which repeals all statutory provisions inconsistent with that act. The permission by such 469th section, to adopt the practice previously in use, in cases in which an action for enforcing or protecting a right, or redressing or preventing a wrong, could not he had under that act, following as it does a permission, to prosecute all rights of action in the manner provided by that act, indirectly limits such permission to such cases only.
It is strongly corroborative of this view that in the section of the Code which prohibits an action on any judgment without leave, except in certain courts, in certain cases, without such leave, one of the enumerated cases in which such action was permitted in such excepted court, was where there had been a failure to serve process on some of the defendants ; the plain reason of which was that such courts were not constructed and had not machinery to carry out a similar proceeding to show cause and give a new judgment making the old one binding on the newly served defendants, after a new trial.
I am, therefore, satisfied that no court would have any right to grant leave to sue on such a judgment against joint debtors where some only were served, until after the new judgment on the special proceeding to make the judgment binding on all.
I think, therefore, the demurrer was properly sustained, and the judgment upon it should, be affirmed.
As regards the judgment against the defendant Anthony P. ■ Salter, I do not see that the form of the note would make any difference as to his rights. If it be in form, “ I promise,” it was joint and several, and the plaintiff had his election to consider it as either, and prosecute his remedy accordingly. He has done so by the action against both jpintly, on which *246 he has taken judgment with a right of execution against their joint property. He cannot now sever his remedy and have a separate action against either. His proper remedy consisted in proceeding under the 375th and following sections of the Code, to make the judgment complete against both defendants. The judgment in this case does not interfere with such proceeding, and must be affirmed, with costs of the appeal. Ho application seems to have been made to confine the defendants to one bill of costs, and the judgment is therefore regular in that particular also. This attempt to get a second bill of costs has therefore ended in subjecting the plaintiff to an additional expense of over $450.
Monell, J.
I am satisfied the judgment sustaining the demurrer is correct. The judgment recovered in October, 1857, against Anthony P. Salter is a bar to another action against him upon the note, and a suit cannot be sustained upon that judgment without leave of the court. The note proved on the trial was a joint and several promise, and a joint or several action could have been maintained upon it. So, therefore, whether the action was joint or several, it merged the note as to the defendant Seward, and the judgment is a complete bar to another action.
The judgment sustaining the demurrer must be affirmed, with costs.
The learned justice, in his finding of facts, has found that the note in suit was a joint and not a joint and several note ; and he has set out in his written finding that the note made by the defendants was “ we promise,” &c. The evidence shows very cléarly, as given to us in the printed case, that the note described in the complaint and introduced and proved at the trial was, “I promise,” &c. and thus a joint and several note.
The finding, therefore, of the learned justice, was directly in opposition to the evidence.' Whether it is a mere clerical error., or how otherwise it occurred, does not appear; but it *247 stands upon the record, it is fatal to the judgment dismissing the- complaint.
Upon a correct finding as to the character of the note, the question can he fairly presented, whether in a joint action against all the makers of a joint and several note, a judgment in form against one is a bar to another action against him upon the original cause of. action.
As the case now stands, with the erroneous finding of fact, we can see no other way but to send it back to be corrected on a new trial.
The judgment as to the defendant David B. Salter, must be affirmed, and that dismissing the complaint as to Anthony ' P. Salter, must be reversed, and a new trial ordered, with costs to the appellants to abide the event.