## Appeal of Ernestine Guenther.

ALIMONY. *How arrears of alimony due at divorced husband's death, to be recovered.*

1. A divorced wife, after the death of the husband, can enforce payment, by his administrator, of arrears of alimony due her, only by proceeding as for a claim against the decedent's estate in the manner prescribed by the statutes in that behalf; and not by a motion in the divorce suit that the administrator be ordered to pay the judgment for alimony; especial-

ly where such motion is made within three months after the decease of the judgment debtor, and it is not shown that the administrator has received, or is likely to receive, property of the estate applicable to such purpose.

2. The *surety* on the judgment debtor's bond can be compelled to pay arrears of alimony, only by an *action on the bond*, and not by an order of the court in the divorce suit, or other summary proceeding.

APPEAL from the County Court of *Milwaukee* County.

The notice of the appeal, and the undertaking accompanying it, are each entitled as follows: " County Court for Milwaukee County. Ernestine Guenther, Relator, *against* Frederick W. Cotzhauzen, Administrator of the estate of August Guenther, late of the aforesaid county, deceased, and William H. Jacobs, Respondents." It does not appear that there is now, or ever was, any such action pending in that court; but the proceeding which resulted in the order from which this appeal was taken, was in the case of *August Guenther v. Ernestine Guenther*, then lately pending in that court.

That was an action for a divorce, in which the plaintiff was defeated; but the defendant prevailed therein on a counterclaim for a divorce. In the judgment for a divorce, the court awarded the appellant (the defendant in that action) fifty-two dollars per month as alimony and for the support of minor children of the parties, the custody of whom was given to her. The judgment required the plaintiff to pay such alimony monthly, and to give security for the payment thereof, to be approved by the clerk of the court. Such security was given in the form of a bond in the penal sum of $6,250, executed by August Guenther and *William H. Jacobs* to the said *Ernestine*, and conditioned for the payment of such allowance according to the judgment of the court. This bond was duly approved by the court, and bears date June 5, 1874.

It seems that all the installments of the allowance were paid, to and including the installment which became due April 1, 1875. August Guenther died June 12, 1875 ; and afterwards

(but at what time does not appear) *F. W. Cotzhausen, Esq.*, was duly appointed administrator of his estate, and entered upon the discharge of his duties as such.

Payment of the installments of said allowance which became due on the first days of May, June, July and August, 1875, respectively, having been demanded (but of whom does not appear), and none of them having been paid, a motion was made in the county court, in August, 1875, on behalf of said *Ernestine*, and founded on her affidavit (in which the foregoing facts are stated), and on such judgment and bond, for an order " requiring the immediate payment of all matured and deferred payments of said alimony referred to by her in her said affidavit, together with her damages sustained on account of the nonpayment thereof according to the tenor and effect, and at the time and times and in the manner required by said decree, together with her necessary disbursements and costs incurred by this proceeding, and such other and further order consequent upon the wrongful and contemptuous actings and doings of the said parties to whom the foregoing order is directed, as the honorable court in that behalf may deem just and proper to grant." There was also an order on *Cotzhausen* and *Jacobs* to show cause why such relief should not be granted.

The motion was denied, and *Ernestine Guenther* appealed from the order of denial.

*E. Fox Cook*, for appellant, contended, *inter alia*, that the payment of alimony according to the provisions of the bond executed pursuant to the decree, may be enforced by proceedings in their nature supplementary, in the same action, citing *Helden v. Helden*, 7 Wis., 296; *S. C.*, 9 id., 557, and 11 id., 554; *Akerly v. Vilas*, 15 id., 412; *Prescott v. Everts*, 4 id., 314; Story's Eq. Jur. (4th ed.), § 64, and note (i) on p. 83. To the extent of the bond, the surety is a *quasi* party to the action. *Ward v. Clark*, 6 Wis., 509; *Tallman v. Ely*, id., 244. As to the right of action against the survivor of two

joint obligors, he cited *Sumner v. Powell*, 2 Mer., 30, 35, 36; *South v. Tanner*, 2 Taunt., 254; 1 Dunlap's Pr., 32, 33, and authorities there given ; *Oakley v. Aspinwall*, 4 Coms., 524; *Caswell v. Engelmann*, 31 Wis., 93; *School District v. Lyford*, 27 id., 506.

The cause was submitted for the respondents on the briefs of their respective counsel.

*Sam. M. Dixon*, for respondent *Jacobs:*

1. Under the state constitution (art. 1, sec. 5), a trial by jury can be waived only "in the manner provided by law." There was nothing in the execution of this bond constituting such a waiver.   The obligation of a surety is *strictissimi juris*; and as against him there are no implied remedies; and there is nothing in the statute authorizing the bond, which gives the remedy here sought.   2. When the bond was given, a valid independent contract, and a good common law obligation (*Lewis v. Stout*, 22 Wis., 237), alimony *eo nomine* ceased, being superseded by the bond.   The obligation having assumed this new form, it is withdrawn from the jurisdiction of the divorce court, and the common law only obtains.   3. If the divorce court retains any right by further order to modify its former order on the subject (R. S., ch. 111, sec. 20), then, by the terms of the judgment, as well as of the bond, such further order will absolve the surety from his obligation, which only extends "until the further order of the court."

*E. P. Smith*, for respondent *Cotzhausen:*

The death of August Guenther abated any immediate right of action, and rendered the joint obligation of the bond joint and several, so that the claim (if valid) could have been allowed by the commissioners of the Guenther estate, and the surviving debtor would have been liable, at the suit of the administrator, for contribution.   No original action at law can be maintained based on the indebtedness of the deceased, until the expiration of the time limited for the payment of debts. R. S., ch. 101, sec. 15.   But that the right of trial by jury

may remain inviolate, an appeal is allowed from the commissioners to the circuit court, where an issue may be made up and a jury trial had.   2.  Even if it were admitted that *Jacobs* became a *quasi* party to the divorce suit, and if the statute above cited did not control, these proceedings could not be maintained against the administrator.   The judgment or order must be against both of the obligors on the bond, and, until revived, the action could not be prosecuted to judgment against *Jacobs* or the administrator.   2 Bac. Abr., p. 14, F. 3.  The bond given in pursuance of the statute, with the consent of all the parties, stood in lieu of actual payment.   And it would be strange to hold an administrator in contempt for his intestate's neglect to pay, and his own refusal to pay, at a time when he had no authority to do so, and when, so far as this record shows, he had no assets in his hands with which to make such payment.

LYON, J.   The motion which the county court denied, was in the nature of, or preliminary to, a proceeding as for a contempt to enforce a civil remedy.   We are not aware of the existence of any law, statutory or otherwise, which required or authorized the court to grant the motion.   The appellant can only enforce payment of her judgment for alimony out of the estate of the judgment debtor, by proceeding in the manner prescribed by the statutes in that behalf.   A mere motion that the administrator of the estate of the deceased judgment debtor be ordered to pay the judgment, is ineffectual to enforce such payment.   This is especially true in the present case, wherein the motion was made within less than three months after the decease of the judgment debtor, and it is not shown that the administrator has received, or is likely to receive, any money or property of his estate applicable to the payment of the judgment.

If the appellant desires to compel *Mr. Jacobs* to pay the judgment, she can only do so by bringing an action against

him on his bond to her.    There is no law authorizing summary proceedings against him to compel him to pay the judgment, or to render him liable to be sent to prison should he fail to do so.    His obligation to the appellant is solely a covenant or contract obligation, and manifestly it cannot be enforced in any such proceeding.

The appellant has wholly mistaken her remedy, and the order appealed from must necessarily be affirmed.

*By the Court.* — Order affirmed.