Guenther vs. Jacobs.

GUENTHER VS. JACOBS.

JURISDICTION: *Action on bond for alimony will not lie in another court, without leave of divorce court.*

1. No other court, without leave of the court in which a divorce has been granted, can take jurisdiction of an action on the bond given by order of the divorce court to secure payment of alimony; and, upon application for such leave, the divorce court may order or withhold payment of the arrears in whole or in part, and may grant or refuse leave to enforce such payment by action at law upon the bond; and the action, when brought with its leave, is as subject to its discretionary control as the judgment for alimony itself.

2. A judgment in the circuit court for arrears of alimony, in an action upon such a bond, is reversed on the ground that the action was brought without leave of the court by which the divorce was granted.

[TAYLOR, J., dissents, holding, (1) That the order of the divorce court requiring a bond implies leave to the plaintiff to sue it upon a breach, and no further leave is required, though the liability upon the bond is limited by any subsequent modification of the judgment for alimony. (2) That, if otherwise, the failure to obtain leave was merely an irregularity, which was *waived* by defendant's going to trial on the merits without objection on that ground.]

APPEAL from the Circuit Court for *Milwaukee* County.

After the plaintiff herein, *Ernestine Guenther*, had obtained, in the county court of Milwaukee county, a judgment for divorce and alimony against August Guenther, and after the death of said August, this action was brought in the circuit court for said county, upon a bond given by order of the county court, by August Guenther and the defendant *Jacobs*, to secure payment of the several installments of alimony as the same should become due upon the judgment of the county court, until the further order of that court.

From a judgment in favor of the plaintiff, the defendant appealed.

For the appellant, a brief was filed by *Cotzhausen, Smith,*

*Sylvester & Scheiber*, and the cause was argued orally by *Mr. Cotzhausen.*

For the respondent, a brief was filed by *E. Fox Cook* as attorney, and *Joshua Stark*, of counsel, and the cause was argued orally by *Mr. Stark.*

RYAN, C. J.   It is settled in this court, that the word *alimony* is used in the statute of divorce in its strict technical meaning; intelligently so used, the provisions of the statute in relation to it closely following the law of the ecclesiastical courts.   It is not an estate, and, therefore, not separate property of the wife.   "It is an allowance for the nourishment of the wife, resting in discretion, variable and revocable."   It is therefore essentially temporary, conditional and dependent. And a judgment for alimony upon divorce, whether *a vinculo* or *a mensa et a thoro*, remains under the statute, as it did in the ecclesiastical courts, " subject to the continuing authority of the court over it, to be exercised from time to time."   " The measure of support of the wife, and the children committed to the care of the wife, depends largely on their need, age and other circumstances, and on the ability of the husband.   These are all essentially changeable from time to time; and the support of the wife, and children in the wife's care, comes within the wise policy of continuing authority after divorce, to be exercised from time to time in view of changes in the premises on which the measure of support rests."   " And when courts, after divorce, enforce the husband's duty, and provide for the wife's need, by alimony, they hold the measure of it as essentially variable, and therefore subject from time to time to modification, suspension, renewal and revocation.   Such were the view and practice of the English courts, followed and embodied in our statute of divorce."   "And even the payment Of arrears of it rests in the discretion of the court granting it."   In all ordinary circumstances, therefore, the remedy to enforce the payment of alimony is exclusively in the court

which grants it.   The cases, with rare exceptions, recognize
the exclusive jurisdiction of the court granting a divorce, to
enforce its own judgment for alimony.   *Campbell v. Camp-
bell*, 37 Wis., 206; *Bacon v. Bacon*, 43 id., 197; *Barber v.
Barber*, 2 Pin., 297; *Allen v. Allen*, 100 Mass., 373; *Fischli
v. Fischli*, 1 Blackf., 360; *De Blaquiere v. De Blaquiere*, 3
Hagg., 322; *Vandergucht v. De Blaquiere*, 8 Sim., 315.   This
doctrine is too well settled in this court to admit of question
here.

   If, therefore, this were a proceeding at law or in equity upon
the judgment of the county court decreeing alimony to the re-
spondent, it is not to be doubted, indeed it does not appear to
be questioned, that the action must fail.   The only apparent
difficulty in the case is, that the action is upon a bond given
under the authority of the county court to secure the payment
of the respondent's alimony.   And this difficulty is more ap-
parent than real.

   The statute authorizes the court giving judgment for ali-
mony upon divorce, to require security from the husband for
its payment, and upon his failure to give security, or upon his
failure to pay the alimony, to sequester his personal estate and
the rents of his real estate.   This provision seems to authorize
immediate sequestration upon failure to give security ordered,
and sequestration upon failure to pay in any case.   There may
possibly be some doubt of this construction, not now settled,
because not necessary in this case.   For the difficulties in this
action are equal, whether or not the county court possesses the
power of sequestration after taking the security.   It is enough
here to say that the appellant's bond is given to secure the
divorced husband's performance of the judgment for alimony;
is limited by the liability of the divorced husband under the
judgment; is subject to limitation by a diminution, and to
release by a revocation, of the alimony allowed; is a security
collateral to the judgment, and subject to the continuing
power of the court over the judgment; is an appurtenant to

Guenther vs. Jacobs.

the record of the county court, and, indeed, parcel of it; re-maining as completely within the jurisdiction and control of that court as the judgment itself.

It would be an anomaly that the bond given to secure the judgment, and the remedy upon it, should not be equally within the continuing control and jurisdiction of the court rendering the judgment, as the judgment itself. It would be an anomaly that the wife in whose favor the bond is given by order of the court, should have an absolute right in it which she has not in the judgment itself; an absolute right of action on it, which she has not on the judgment it secures. It would be inconsistent with all rules governing the principal and its collaterals, that the creditor should have a superior right in the collateral to that in the obligation which the collateral secures. *Accessorium sequitur naturam sui principalis.* The bond is equally the creature of the county court as the judgment, and equally subject to its control.

If the respondent had desired to collect the arrears of alimony assigned her as breach of the appellant's bond, living the husband, she could not have sued upon the bond without leave of the county court. Her course would have been by proper application to that court. And if she had so applied, it would have rested in the discretion of the court to have ordered or withheld the payment of the arrears, in whole or in part; to grant or to refuse leave to enforce them by action at law upon the bond. . Upon such an application, the court would probably have had discretion to modify the judgment itself, in view of the circumstances and conduct of the wife, and of the age and circumstances of the children committed to her. The right of the respondent to sue at law, especially in another court, without the sanction of the court which granted the divorce, would be quite inconsistent with the continuing discretionary power of that court over the subject. The right to sue upon the bond is limited by the right to enforce the judgment, and equally subject to the order of the

court which rendered the judgment and required the bond. The judgment, and all remedy on the bond collateral to it, are equally within the jurisdiction and control of that court; and no other court can take jurisdiction of an action at law on the bond without leave of that court. This is not a question of practice. It is a question of jurisdiction, not of the person, but of the subject matter.

This being the rule while the husband remained in life, it applies *a fortiori* to the case after the husband's death. So far as the action and judgment relate to alimony, the husband's death works no absolute abatement. The case remains within the continuing jurisdiction of the county court; and the respondent has an undoubted right to revive it against the personal representatives of the deceased husband. *Downer v. Howard, ante,* p. 82. The appellant has no such right. And until the case be so revived, the county court has no case before it in which it can make any order or give any direction. And so, while the divorced husband in his lifetime, or his representatives, upon revival of the case after his death, might be able to make out a case for modification, suspension, or revocation, of the judgment for alimony, which would operate to limit or release the liability of the appellant, the appellant himself appears to be perfectly powerless. Until the case be revived, he is a surety in court without a principal; a surety in court entitled to some measure of protection, without authority in the court to protect him.

Questions were raised in this court upon the effect of the husband's death on the respondent's right to further alimony under the judgment. These are questions primarily within the exclusive jurisdiction of the county court, as are all questions and proceedings arising on foot of the judgment. They can be heard here only upon appeal from the orders of that court.

These questions were not before the court in *Guenther's Appeal,* 40 Wis., 115, and nothing is said in that case incon-

sistent with the views now expressed. It is true, as said in that case, that the only remedy against the appellant is by action at law upon the bond. But such an action can proceed only by leave, and subject to the control of the county court. For such an action, being to enforce a judgment of that court subject to its continuing discretion over it, can not only not be brought without its leave, but must, when so brought, be equally subject to its discretionary control as the judgment itself.

The judgment must be reversed, and the cause remanded to the court below with directions to dismiss the complaint.

TAYLOR, J., *dissenting*. The plaintiff brought this action against the defendant upon a penal bond executed by him as surety of August Guenther, conditioned for the payment to the plaintiff of the sum of $624 per year as alimony for the support and maintenance of herself and her daughters, to be paid in twelve equal installments of $52 each, on the 22d day of each month in the year; such payments to be made until the further order of the county court of the county of Milwaukee.

This bond was given in pursuance of the judgment and order of said county court, made in an action of divorce between the said *Ernestine Guenther* and August Guenther, in which a judgment of divorce from the bonds of matrimony was granted. The bond was dated June 5, 1874. The judgment in the divorce suit directed August Guenther to pay as alimony to the plaintiff in this action the sums above mentioned, as required by the conditions of said bond, and also required security to be given for the payment thereof. The bond upon which this action is brought, was given in pursuance of said judgment, and approved by the said county court.

The complaint sets out the bond at length, and the order of the court requiring the bond to be given; alleges that several installments were past due and unpaid, and that no further

order had been made by the county court in relation to said alimony; and further alleges the death of August Guenther June 12, 1875, and that the several installments past due had been demanded of the said *Jacobs*, and payment refused.

The answer of the defendant admits the execution of the bond as alleged, and the death of Guenther; denies that he has knowledge or information sufficient to form a belief as to any other material allegations in the complaint; and prays that the plaintiff's complaint be dismissed, with costs. Upon these issues (if the answer formed any), a trial was had in the court below, and judgment rendered in favor of the plaintiff. No bill of exceptions was signed in the action. The defendant appeals from the judgment rendered, to this court, and relies upon errors appearing upon the record for a reversal of the judgment by this court. The only points made were:

*First.* That, as the record discloses the death of August Guenther, the late husband of the plaintiff, previous to the commencement of the action, all right on the part of the plaintiff to recover for arrears of alimony due at his decease was gone, as well as all right to recover for installments coming due after his death.

*Second.* That no action upon the bond can be maintained in any court other than the county court in which the divorce suit was pending, without the express leave of that court.

The majority of this court are of the opinion that the judgment should be reversed for the reason that no such leave was granted. From that opinion I respectfully dissent.

One answer to the objection, which might be made, is, that the record does not show that such assent was not in fact given; and, as no objection was made in the court below to the plaintiff's right to maintain her action on that ground, in the absence of all proof on the subject, if such assent be necessary, it should be presumed that it had been given.

But waiving this objection, and admitting that, when leave is required to be obtained before the commencement of an

action, the record must show such leave, I have been unable to find any authority for holding that want of such leave is a defect which cannot be waived by the defendant. The permission of the court to sue is not in any case an element of the cause of action. 1 Wait's Practice, 191.; *Chautauqua Bank v. Risley*, 19 N. Y., 369, 376; *Lane v. Salter*, 4 Rob., 239. It is simply a preliminary proceeding to be taken before bringing the defendant into court; and the omission of this preliminary proceeding is only an irregularity, and is waived if not taken advantage of at the first opportunity. *Finch v. Carpenter*, 5 Abb. Pr., 225; *Prince v. Cujas*, 7 Rob., 76. The want of leave to commence the action is no more jurisdictional in its nature, than the want of service of the summons; and it is always too late to take advantage of the want of such service after an appearance and plea to the merits. Matters which do not go to the merits of the plaintiff's action, and which are required to be done before the merits can be tried, are always waived if the defendant goes to trial on the merits. This rule has been, so far as I have been able to ascertain, always applied to this question of leave to sue. *Harris v. Hardy*, 3 Hill, 393, was an action in a court of law, upon a bond given upon a writ of *ne exeat* issued in a creditor's suit in equity; and yet the court held that, although leave of the court of equity ought to have been obtained before suit brought, the action was properly maintained, because the defendant took issue upon the merits, and made no motion to dismiss the action on that ground. Omitting to obtain leave before bringing suit against a receiver may be a contempt of the court appointing the receiver; but the omission is waived in the action by an appearance in the case without objection. 1 Wait's Practice, 200; *Hubbell v. Dana*, 9 How. Pr., 424; *Jay's Case*, 6 Abb. Pr., 293; *Parker v. Browning*, 8 Paige, 389. In the case of *Kinney v. Crocker, Receiver*, 18 Wis., 75, this court held expressly that want of leave to sue did not go to the jurisdiction of the court. In that case, the defendant, on the trial at the

circuit, requested the court to charge the jury that, unless they should find that the plaintiff had leave from the district court to bring the suit, he could not recover. The court refused to so charge, and the defendant excepted. The late Justice PAINE, in delivering the opinion of this court in that case, says: "The authorities relied on by the appellant only show that a court of equity will, on a proper application, protect its own receiver, when the possession which he holds under the authority of the court is sought to be disturbed, or when he is sued for any act done by the order or direction of the court. In such cases it will sometimes punish, as for a contempt, any attempt to disturb the possession of its officer; it will sometimes restrain suits at law, and draw to itself all disputed claims in respect to the subject matter; and sometimes it will allow the suits at law to proceed. But in all these cases it is not a question of jurisdiction in the courts of law, but only a question whether equity will exercise its own acknowledged jurisdiction of restraining suits at law under some circumstances, and itself dispose of the matter involved. It follows that, although a plaintiff in such case, desiring to prosecute a legal claim for damages against a receiver, might, in order to relieve himself from the liability to have his proceedings arrested by an exercise of this equitable jurisdiction, very properly obtain leave to prosecute, yet his failure to do so is no bar to the jurisdiction of the court of law, and defense to an otherwise legal action on trial."

An action against a lunatic who has a committee appointed, cannot be regularly commenced without leave; but when such action is commenced without leave, the proper course is to object for that cause, or to apply to the court which appointed the committee, for an order to restrain the prosecution of the suit and to punish the plaintiff for contempt. *Crippen v. Culver*, 13 Barb., 424; *Brown v. Nichols*, 9 Abb. Pr. (N. S.), 1. The judgment obtained in such actions is not void. *Sternbergh v. Schoolcraft*, 2 Barb., 153; *Crippen v. Culver, supra*.

Guenther vs. Jacobs.

It has been frequently held that an action brought upon a judgment can be maintained without obtaining leave, although the statute expressly declares that no such action shall be brought without leave of the court first obtained, unless the objection that leave has not been granted be taken before pleading to the merits. *Lane v. Salter*, 4 Rob., 239; *Prince v. Cujas*, 7 id., 76; *Finch v. Carpenter*, 5 Abb. Pr., 225. The court in these cases say, that the proper course for the defendant in such case is to move, upon affidavits, to set aside the summons and complaint, showing that leave to sue has not been obtained. 1 Wait's Pr., 193–4.

All the cases, very properly, in my judgment, hold that when leave of court ought to be obtained before commencing an action, it can be taken advantage of only by motion to dismiss the action; or by an application to the court from which the leave should come, for an injunction to stay the proceedings; and if no such objection or proceeding be taken, the action can proceed regularly without leave; and the objection is deemed to have been waived. This case is, in my judgment, sufficient evidence of the justice of such rule.

It is not denied that, if the county court had granted leave to bring this action in the circuit court, that court could have tried the action. The action was brought in the circuit court; the defendant makes no objection that leave has not been granted by the county court, but pleads to the merits and defends upon the merits; puts the plaintiff to the costs and delay incident to a trial upon the merits; when beaten, appeals to this court; and here for the first time suggests to the plaintiff that he ought to be turned out of court, and pay all the costs incident to a trial upon the merits and of the appeal to this court, because he did not get leave to commence his action. Justice, common honesty and common sense, it seems to me, all demand that the court should say this objection comes too late. I am unable to see anything in the fact that it is an action of divorce in which the bond was given, which should

alter the rule. It is true, the county court has the right to modify the order concerning alimony. It is also true that, when the parties are within the jurisdiction of the court, any proceeding based solely upon the judgment in the divorce action for the purpose of enforcing the same should be in that court, for the reason that the court has the power *to* enforce the same against the parties without the expense of a new action. It is undoubtedly a just rule, that no action should be permitted to be brought by a party to the divorce suit, whilst the parties are within the jurisdiction of the court granting the divorce, to enforce the judgment against another party, for the reason that the court can enforce it on petition or motion made in that action; but when that court has directed a bond or other security to be given, by which others than the parties to the action contract that some order of the divorce court shall be performed, there is, according to the opinion of this court, in a former proceeding between these parties, no other way to enforce the obligation of the persons not parties to the action, than by a suit at law upon their written obligation. It was, at most, simply a question of whether leave should be granted before action brought, as it is admitted that an action was the only proper remedy; and I think I have shown from the authorities that such want of leave is waived by going to trial on the merits.

It was urged by the counsel for this defendant in the case of the *Appeal of Ernestine Guenther*, 40 Wis., 118, that by the giving of the bond for the payment of the alimony, the alimony *eo nomine* ceased, and was superseded by the bond; that, the obligation having assumed this new form, it was withdrawn from the jurisdiction of the divorce court, and a common-law right of action on the bond only remained; and that the only power left in the divorce court after the giving of the bond, was the power to modify the order. It was also insisted by the counsel for the same parties, that the bond given in pursuance of the statute with the consent of all parties,

Guenther vs. Jacobs.

stood in lieu of actual payment. I do not cite this argument of counsel as being my view of the effect of giving such bond, but for the purpose of showing that the same parties who are now insisting that no action can be maintained on the bond without leave of the divorce court, did not deem such leave necessary, and therefore did not object for the want of such leave on the trial of this action.

My opinion is, that when a bond is given under the order of a divorce court to secure the payment of alimony, by which parties other than the parties to the suit become obligated to pay, no leave to sue such bond is necessary or ought to be required. The order directing the giving of the bond is in itself an implied leave to the obligee to enforce it by action at law in any court having jurisdiction of the cause of action, so long as the divorce court does not modify the terms of the order to secure the performance of which the bond is given. This rule seems to me a far more reasonable one than that which requires the obligee to go to the court for leave to sue the bond for every breach. I do not appreciate the reasoning that, because the court may change or modify the order, therefore no action can be brought without leave. So long as the obligee is satisfied with the terms of the order, and the other party refuses to pay according to its terms, and refuses to apply for a modification, and insists that he is not bound to pay in any event, under what obligation is the plaintiff to ask leave of the court to sue? The court has already directed the payment of certain sums at stated periods, until it shall be otherwise ordered, and required their payment to be secured by a bond, with securities conditioned to pay according to the order; the bond is given; the payments become due according to the terms of the order; the obligees in the bond refuse to pay according to their agreement; and the order of the court remains unchanged and unmodified; the money is therefore absolutely due to the plaintiff by the terms of both the order and bond. If it be urged that, upon such applica-

tion, the matter being brought to the attention of the court, it may, of its own motion, grant some relief to the defendant, I reply that the plaintiff is under no obligation to take a proceeding for the relief of the defendant. If the defendant is not satisfied with the terms of the order which he has obligated himself to perform, it is his duty to make application for its modification, and not the duty of the party who is satisfied with its terms and desires their performance. By not making any application for a modification of the order, the defendant assents that the order is just. No injustice can arise from permitting suit to be brought upon a bond of this nature without leave. If the circumstances of the parties have so changed since the making of the order to secure the performance of which the bond was given, as to render it just that the same should be changed, the true course for the defendant is, either in person or through his principal, to apply to the divorce court for its modification to suit the altered circumstances, and not to set the plaintiff at defiance and refuse either to pay or apply for such modification. In case of the defendant's refusal to pay or to make such application after breach of the bond, for any considerable length of time, it does not appear to me that the divorce court would interfere with the prosecution of an action to enforce payment of the original order for past breaches, even though such court might be of the opinion that a modification ought to have been made. It would say to the defendant, "By your laches you have forfeited your right to change the order so as to prevent the recovery for such past breaches according to the terms of the original order, and we can only protect you in the future." Again, the defendant could always protect himself, if he proceeded promptly, by procuring a modification of the order in the divorce court when suit is brought upon a breach of the conditions of the original order, and by an application to the court in which the action upon the bond was

Guenther vs. Jacobs.

pending, for a stay of proceedings in order to give him time to apply for such modification.

That the rule should be, that no leave ought to be required before bringing an action upon a bond of this kind, and that the relief against its conditions, if the defendant be entitled to any, should be sought by his taking the initiatory steps for obtaining the same, is in strict accordance with the methods by which courts proceed. It is not the rule of courts to grant relief except to those who apply for it; nor is it the rule that the party claiming in hostility to the party seeking relief, shall initiate proceedings, the sole object of which can only be an advantage to the adverse party. It is impossible, in a case of this kind, in which it is admitted that no relief can be obtained against the defendant except by an action at law, that the application for leave to sue can be in any way for the benefit of the plaintiff. If, upon such application, the court had the power to coerce the defendant into the payment of the sum due, there would be some justice in requiring him to ask such leave, as in that case it would be a saving of expense to both parties, and the necessity of a suit at all might be avoided. This is the reason why leave to bring suits against receivers, or against lunatics under guardianship, is required. The court, upon such application, if the plaintiff's right is clear, orders the payment without suit, or, when the matter does not require the examination of any doubtful questions of fact, will refer the subject to a referee to report, and will determine the rights of the plaintiff by the report of such referee. In these cases, the court has the power to direct the receiver or committee to perform its orders in the matter. In the case at bar, it is admitted that the court has no power over the defendant *Jacobs*, to compel him to pay, by any order it may make; so that it is clear that no benefit can accrue to the plaintiff by asking leave to sue, and it is only possible that some advantage may accrue to the defendant. I think it a

reasonable rule, that the application for relief should be made by the party to whom the relief is to be granted, and not by the party who is to be injured by the granting of such relief.

That the order requiring a party to a divorce suit to give a bond, with securities, to secure the payment of alimony awarded to be paid by one party to another, is an implied permission to enforce its payment by an action at law in any court having jurisdiction of the cause of action, so long as the divorce court does not modify the order, is, I think, evident from the fact that most of the courts which have jurisdiction to grant divorces, have no jurisdiction of an action at law upon the bond required to be given. The divorce court, having required an instrument of security to be given which cannot be enforced by itself, necessarily authorizes its enforcement in some court which has jurisdiction. When, therefore, there is a plain breach of the bond shown, there does not seem to be any good reason why the action should not proceed without further leave. The divorce court has required the party to give security to pay according to its order, and until its order is modified. The modification of the order is matter of defense; and if the defendant desires to avail himself of such defense, it would seem reasonable that he should take the necessary steps to procure its modification; and, as I have shown above, he has ample means in his own hands for procuring such modification, without insisting that the plaintiff shall procure it for his benefit. It being admitted that the money was not paid according to the conditions of the bond and order, and that the order had not been changed or modified, and leaving out of view the fact that the principal in the bond was dead before the action was commenced, I am of the opinion that the plaintiff's complaint stated a good cause of action against the defendant; that it was not necessary for him to obtain the leave of the county court to bring his action; and that the circuit court had jurisdiction to try the same without such

## JANUARY TERM, 1878.    369

leave. I am also of the opinion that if, to be regular, the plaintiff should have obtained leave to sue the bond in the circuit court, the want of such leave was a mere irregularity, which was waived by the defendant's taking issue and going to trial upon the merits, without making any objection to the plaintiff's proceedings for want of such leave.

As this court has declined to pass upon the effect which the death of the former husband of the plaintiff, who was ordered to pay such alimony, had upon the liability of the defendant on his bond, I withhold the expression of any opinion upon that point.

*By the Court.*—Judgment reversed, and cause remanded with direction to the circuit court to dismiss the complaint.