## In re YOUNG, Bankrupt.

(*District Court, D. New Jersey.* July 1, 1881.)

1. RECEIVER—SUIT—CONTEMPT.

A. was appointed receiver of the estate and effects of an adjudged bankrupt, and directed, by order of court, to take possession and retain the custody of certain property which B. had purchased at an alleged fraudulent sheriff's sale of the bankrupt's property. A. took possession of certain property of B. which never was the property of the bankrupt, and B. brought two suits in the state court,—one in trespass against A. for acts done in the seizure of his property, and

still pending; and the other in replevin against C., the custodian of the property for the receiver, to recover possession, in which C. appeared and pleaded, and judgment was obtained against him. Upon proceedings to punish B. for contempt, *held :*

(1) That C. having submitted to the jurisdiction of the state tribunal, it was too late to complain that the action in replevin was in contempt of the authority of the court.

(2) That A. was sued in trespass not as receiver, but as an individual, for taking and retaining possession of certain goods not included in the order of the court, and as such was a mere trespasser, and not entitled to the protection of the court.

In Bankruptcy.  Motion to confirm report of register.

Nixon, D. J.  On the fifth of June, 1877, upon the application of certain creditors of Eli W. Young, who had recently been adjudged a bankrupt, an order was made by the court appointing Charles W. Rhodes, Esq., of Montclair, New Jersey, a receiver of the estate and effects of the said Young, and including all the property which had been lately sold, or claimed to have been sold, under execution against Young in favor of Joseph K. Manning, John N. Vorhees, and William Grant and claimed to have been purchased at the sale by said Grant, which goods were then situate or located in a certain store-house or building lately occupied by the said Young, at Glen Gardner, in the county of Hunterdon, and directing the said receiver to take possession of the said property and goods and hold the same in custody, without the power of sale or disposition, until the further order of the court, and restraining and prohibiting the said Grant and all other persons from interfering with or hindering the said receiver in the execution of the order.

On the third day of October, 1877, the receiver filed a petition in the courts setting forth that he took possession of the property described in the foregoing order on the twelfth of June, 1877; that he found one William Grant in the charge and custody of the same, who peaceably and quietly surrendered to him the keys of the store in which the goods and chattels were located; but who claimed that a portion of the goods in the said building was his own property, and was not covered by the order of the court.  The

petition further stated that he employed one Andrew D.
Banghart to take care of the said property, and that while
Banghart was holding the same, as his custodian, the said
Grant commenced an action of replevin against him, in one
of the courts of the state of New Jersey, to recover a portion
of the goods, and under the writ therein caused to be seized
by the sheriff of the county of Hunterdon certain enumer-
ated articles; that the said Banghart, appearing to said
action, interposed a plea, which was overruled and judgment
entered against him; that, subsequently, the said Grant
commenced an action of trespass against the petitioner in
one of the state courts of New Jersey, for acts done in the
taking and seizure, which action was still pending.

The petitioner prayed the court to restrain all further pro-
ceedings in said suit, to vacate and set aside the judgment
already obtained, and for such other relief as was meet and
proper. The court granted a rule that the said Grant show
cause, on the twenty-third day of October following, why the
prayer of the petition should not be granted, and why he
should not be attached for contempt. On the return of the
rule to show cause, Grant appeared and answered the peti-
tion, and on the sixth of November, 1877, the court ordered
that the issues raised by the petition and answer be referred
to the register, to take the proofs for both parties, and to
report the same to the court, with his opinion thereon, with
all convenient speed. The testimony was taken by the
register, who reported that the respondent was guilty of con-
tempt.

The case is now before me on a motion to confirm the
report of the register. Various objections have been made to
the confirmation, only one of which I have thought it neces-
sary to examine. The alleged contempt consisted in the
respondents bringing two suits in the state courts,—one in
replevin against Banghart, the custodian of the goods, and
the other in trespass against Rhodes, the receiver. But these
actions were not instituted to obtain the possession of any
property described in the order which appointed the re-

ceiver. The only property committed to the custody and control of the receiver by the court was that formerly belonging to the bankrupt Young, and which Grant had purchased at an alleged fraudulent sheriff's sale. The proofs clearly show that when the receiver took these goods into his possession he also took other goods which belonged to Grant, and which were never the property of the bankrupt. It was these last-named goods and chattels that Grant demanded, and when delivery to him was refused, brought suit for. His honor, the late Judge Cadwallader, was then sitting here during the temporary absence of the judge of the district, and the evidence reveals that an application was made to him to restrain the replevin suit in the state court. He declined to interfere, but intimated that the custodian, Banghart, might make his defence to the suit in the state court. Acting on this suggestion, he appeared and pleaded, and failed in his defence. After thus submitting to the jurisdiction of the state tribunal, it is too late to complain that the proceeding was in contempt of the authority of this court.

With regard to the action in trespass against Rhodes, he was not sued as receiver, but as an individual, for taking and retaining possession of certain goods not included in the order of the court, and for interfering with which, if the allegation were true, he was a mere trespasser. The principle is well settled that the court will not protect a receiver for any acts committed by him outside of the performance of the proper and legitimate duties of his receivership.

Without, therefore, examining the other grounds taken against confirming the register's report, the foregoing seems sufficient to authorize the court to refuse a confirmation.