Hyatt, J.
— The complaint alleges “ that the plaintiff, at the request of the defendant, performed work, labor and services, and furnished materials for the same of the value of fifty-eight dollars and forty-eight cents, that the items of such labor and materials and days on which the same were done or furnished are hereto annexed.” “ That no part of the same has been furnished.” The defendant demurs upon *306 the ground that “ the complaint does not contain facts sufficient upon its face to constitute a cause of action.” An issue of law arising upon a - demurrer (Code of Civil Pro., sec. 974) must be tried, as prescribed by sections 965 and 977 Code of Civil Procedure, unless it is disposed of by motion under section 537 of that act.
The question before the court is the motion of the plaintiff to overrule the demurrer as frivolous. He cannot be set aside or deprived of priority of hearing thereon, by reason of the fact that after the due service of notice of motion the ■defendant served a notice of trial of an issue of law arising upon the demurrer. The objection made to the complaint is that it nowhere alleges an indebtedness by defendant to plaintiff by reason of the phraseology of the second allegation “ that no part of the same has been furnished.” It is urged that this nullifies'the force of the first allegation or cause of .action, that materials were furnished, and that if they were not, no work could have been performed as alleged. In the original complaint, the word “ paid ” supplies the place of the word furnished in the copy. It is written over an erasure, and it is just possible that the word furnished might originally have occupied its place. Admitting, however, that the copy pleading served must control (Lane agt. Salter, 4 Rob., 239), yet the complaint is not demurrable.
In the construction of a pleading for the purpose of determining its effect, its allegations will be literally construed with a view to substantial justice between the parties. The law will give it effect, if such can consistently be done, rather than treat it as a nullity. The alleged defect is, at the most, a technical one, a clerical error happening most likely in consequence of the impression left in the mind of the ■clerk or copyist, by reason of having written the same word several times in the same paper, and thus inadvertently repeating it in place of the intended word “ paid.” There were no ignorant or willful omissions of the facts upon which the pleader’s case depended, and the rule is well settled that *307 on the question of evidence to support a cause of action or a matter of defense a technical defect in a pleading should be disregarded on the trial ( White agt. Spencer, 14 N. Y., 247; Simson agt. Cowan, 56 Barb., 395; Ayers agt. O’Farrell, 10 Bosw., 143). The demurrer is without adequate reason, and in my judgment was interposed in bad faith.
The demurrer must, therefore, be overruled, and judgment ordered for the defendant, with costs and ten dollars cost of motion.