THE COLORADO FUEL AND IRON COMPANY v. THE RIO GRANDE SOUTHERN RAILROAD COMPANY ET AL.

1. DEMURRER.

A demurrer cannot be aided by matters *dehors* the pleading.

2. LEAVE TO SUE—WAIVER.

It seems that an application by a receiver to dismiss on the ground that the action was commenced against him without leave of court comes too late if interposed after he has applied for and obtained a change of venue.

3. SAME.

When a complaint to foreclose a mechanic's lien against a railroad company and its receiver contains an allegation of leave to sue, it shows upon its face a right to prosecute the action to judgment in any form warranted by law. If the plaintiff should fail to establish a lien, or a right against the receiver, it may be dismissed as to him and judgment be had against the company.

4. JOINT DEMURRER.

If a complaint against several defendants states a cause of action against one, their joint demurrer should be overruled.

*Appeal from the District Court of Arapahoe County.*

Mr. D. C. BEAMAN, for appellant.

Messrs. WOLCOTT & VAILE and Mr. H. F. MAY, for appellees.

BISSELL, J., delivered the opinion of the court.

In January, 1894, The Colorado Fuel and Iron Company commenced this suit in the district court of La Plata county

to obtain a judgment against The Rio Grande Southern Railroad Company for $49,867.08, and to foreclose a lien on the road for materials furnished for its construction. The complaint was demurred to, and from the judgment thereon in favor of the defendants the Fuel Company prosecutes this appeal. As the matter is presented in argument as well as by the record, there are very few elements of the pleading with which we are concerned. The corporate character of the parties was stated. The plaintiff averred the filing of the lien in the various counties through which the road ran, and set out a copy of its lien statement, which showed the furnishing of materials between the 20th of August, 1892, and the 13th of June, 1893. The great bulk of all the iron and steel furnished was steel rails, which were delivered between August 20th and October 5th, 1892. During the same year, and between August and November, as well as in 1893, between February and June, there were sundry deliveries of bar iron of small amounts and limited values. Out of a total account of $72,968.68, the total delivery of bar iron after the last item of steel rails had been furnished only amounts to $91.57. The plaintiff set up that it had asked and obtained leave to bring this suit, and prayed judgment against the Railroad Company for the sum named and to foreclose its lien. The plaintiff afterwards amended and alleged that the materials were furnished under two or more contracts and that the furnishing of the material was continuous. The venue of the cause was changed to Arapahoe county on the defendants' motion. In 1895 the Railroad Company and the receiver demurred.

Before proceeding with the discussion of the matters legitimately involved, we must dispose of a supplemental transcript which has crept into the record and present matters with which we have nothing whatever to do. Leave was given the appellees to file it, and it is therefore in one sense properly in the record, but in another has no place there. This supplemental abstract was filed to supply a basis on which to rest the contention that the leave which the court granted to

bring the suit did not confer the right to prosecute it to judgment, unless the plaintiff could establish a lien and maintain the right to foreclose it.   The supplemental abstract contains the petition for the appointment of a receiver in the original suit, the petition for leave to sue, and the order.   We do not understand the theory on which appellee's counsel insist that these things are regularly before us.   The only thing we have to consider is the right of the plaintiff to maintain the suit on the complaint which was filed.   The only legitimate question thereby raised is whether therein a cause of action is stated which may be maintained against either one or both of the defendants.   Nothing else is presented.   The supplemental abstract cannot be very aptly described.   It is more nearly akin to what is called " impertinence " in an equity bill than any other legal thing with which it can be compared. There is no known way so far as our experience goes by which a demurrer can be aided by matters *dehors* the pleading.   A motion to strike this supplemental abstract from the files was not disposed of.   The motion must be granted and this matter expunged from the record.   The same course must be taken with what the appellant filed in answer to this very irregular proceeding.   The record will then stand stripped of all verbiage and leave us free to consider what is alone before us, and that is, the sufficiency of the complaint.

Much of the argument is based on the oral opinion which the court delivered.   These opinions are useful and they are frequently very clear expositions of the law.   But they are in no sense conclusive.   We can only look to the judgment to discover whether, according to our views, there was a proper solution of the questions presented.   In the present case we do not agree with the trial judge.   On its face the complaint states a cause of action.   We do not undertake to say whether leave was granted to bring the suit, nor whether under the order the plaintiff would have the right to prosecute this particular suit to judgment against the Railroad Company for a sum named, unless the right to foreclose the lien was sustained.   This we are unable to do, because there is nothing

to show what leave was given, except as it is averred. According to the complaint, leave was granted to bring this suit. Unless that is successfully controverted, the plaintiff could prosecute the suit to judgment, even though the court should refuse to decree foreclosure. We are not prepared to say that a failure to obtain leave would in any event be pleadable in bar to the action. Under some circumstances possibly the receiver could restrain the plaintiff from proceeding, and there may be cases which hold that the action will be dismissed on the receiver's application. It is not an universal rule, and some decisions intimate the application would be too late if made after the defendant had moved for a change of venue and filed a demurrer. The right to dismiss is treated as thereby waived. High on Receivers, chap. 8, subdivision 5, section 261; *Hubbell & Curran v. Dana*, 9 How. Pr. 424.

Whether this be or be not true, the complaint on its face is sufficient. It alleges a leave granted. In the absence of a showing to the contrary this would necessarily include the right to prosecute the suit to judgment in any form which the law warrants. If the plaintiff should fail to establish the lien, or a right against the receiver, the suit might be dismissed as to him and judgment had against the Railroad Company; or in case of a failure to establish the lien, the proof might possibly warrant a judgment against the Railroad Company or the receiver or both. Therefore the demurrer was not well taken.

The fundamental question, had the Fuel Company acquired a mechanic's lien, and, on proof of its allegations, was it entitled to a decree of foreclosure? is still undisposed of. We do not intend to hold the lien good, nor that what was done necessarily entitled the company to a lien. We cannot determine this question. The record is insufficient. The complaint alleges that all the material, both the rails and the bar iron, were furnished under one or more continuous contracts between August, 1892, and June, 1893. If this be the fact, and the contract provided for the bar iron

as well as the steel rails, and the one as much as the other was delivered thereunder, we cannot now see why the Fuel Company would not be entitled to a lien, if it was filed in good time and under the statute.   If the lien be adequately proven, the right to foreclose it as against all persons who were not prior in time and right would follow.   What the evidence may disclose, what the terms of the contract may be, or at what conclusion we might arrive if the case had been tried and all the facts were before us, we cannot declare. The plaintiff has stated a case.   For this reason we shall reverse the judgment, send it back, and permit the parties to answer as they may be advised and try the issue.   We think, in any event, the plaintiff had the right to bring suit against the Railroad Company and obtain a judgment for the amount of the claim.   What rights would thereby be acquired as against the receiver, or as against other creditors, we do not state.   Those matters are not before us.   The effect of the judgment as against the other lien holders or creditors we do not undertake to determine.   When the appellees speak of the appointment of the receiver as "an incumbrance," it is a misuse of terms, and of no significance.

We conclude the district court erred in sustaining the demurrer, and the case will be returned for further proceedings in conformity with this opinion.

*Reversed.*