## ENFORCEMENT OF BOND ON APPEAL IN DIVORCE AND ALIMONY CASE.

Circuit Court of Hamilton County.

### GEORGE H. EMBSHOFF v. LILLIE EMBSHOFF.

Decided, June 5, 1909.

*Divorce and Alimony—Adequacy of Alimony can not be Collaterally Attacked—But the Installments may be Collected by Execution—Action on Appeal Bond—Jurisdiction under Section 587 where an Equitable Issue is Tendered.*

Overdue installments of alimony are in legal effect a judgment, which may be enforced by an action on the bond given on appeal from the order fixing the amount of alimony without first obtaining consent of the court rendering the decree.

*Eugene C. Pociey,* for plaintiff in error.
*Chas. H. Jones,* for the wife.

In the court below the wife in this case was decreed $4.50 per week alimony. The husband appealed to the circuit court, which granted the same judgment as the common pleas, and remanded the case to the common pleas for execution. Thereafter the common pleas court committed the husband to jail for contempt in failing and refusing to pay the judgment, and the wife brought an action before a justice of the peace on the bond for appeal to the circuit court for $40 unpaid alimony. Judgment having been granted by the justice, the case was appealed to the common pleas by the surety on the bond, where judgment was again obtained on the bond by the wife. From that judgment the present proceedings in error were prosecuted, the surety claiming that the jurisdiction of justices on appeal bonds is limited by Section 587; that the bond (sued on in this case) to secure execution of the judgment in the circuit court was released by that court when it remanded the case to the common pleas for execution; and that suit could not be brought upon the bond without the consent of the court, citing *Guenther* v. *Jacobs,* 44 Wis., 354, which holds:

"No other court, without leave of the court in which the divorce has been granted, can take jurisdiction of an action on the bond given by order of the divorce court to secure payment of alimony; and upon application for such leave the divorce court may order or withhold payment of arrears in whole or in part, and may grant or refuse leave to enforce such payment by action at law or on the bond, and the action when brought with its leave is as subject to its discretionary control as the judgment itself."

GIFFEN, P. J.,; SWING, J., and SMITH, J., concur.

While the case of *Guenther* v. *Jacobs,* 44 Wis., 354, sustains the contention of counsel that the demurrer to the petition should have been sustained, yet the decisions in this state lead to a different conclusion.

Alimony decreed in installments may be enforced by execution. *Piatt* v. *Piatt,* 9 Ohio, 37.

The adequacy of alimony decreed can not be collaterally drawn in question especially by a stranger to the suit. *Hare* v. *Gibson*, 32 O. S., 33.

The husband is not complaining, and the installments due are in legal effect a judgment, the collection of which may be enforced by an action upon the appeal bond, without first obtaining the consent of the court rendering the decree.

Judgment affirmed.

Same judgment in case No. 4715.