In the Matter of the Claim of HELEN D. KEEFE, Respondent, against NATIONAL SUGAR REFINING COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Award unanimously affirmed, with costs to the State Industrial Board. Present — Cochrane, P. J., Van Kirk, Hinman, McCann and Davis, JJ.

M. P. MOLLER, INC., Respondent, v. WILLIAM W. FARLEY, as Receiver, etc,, and THE FARASH THEATRE CO., INC., Appellants, Impleaded with Others.— Judgment modified by inserting a provision granting permission *nunc pro tunc* to bring the action against the receiver, and by providing that the recovery of either damages and costs, or damages, interest and costs, shall run against only the defendants Farley, as receiver, and The Farash Theatre Co., Inc., and as so modified unanimously affirmed, without costs. Present — Cochrane, P. J., Van Kirk, Hinman, McCann and Davis, JJ.; Davis, J., concurs for modification and affirmance but does not regard it necessary to enter a *nunc pro tunc* order granting leave to sue the receiver, he having appeared, answered and gone to trial without raising the question. (*Hubbell & Curran* v. *Dana*, 9 How. Pr. 424; *Hackley* v. *Draper*, 4 T. & C. 614; affd., 60 N. Y. 88; *Pruyn* v. *McCreary*, 105 App. Div. 302; affd., 182 N. Y. 568; *Matter of Young*, 7 Fed. 855; *Naumburg* v. *Hyatt*, 24 id. 898, 901.)

JENNIE LATHERS, as Administratrix, etc., of CLARENCE S. LATHERS, Deceased, Respondent, v. THE STATE OF NEW YORK, Appellant.— Judgment unanimously affirmed, with costs. Present — Cochrane, P. J., Van Kirk, Hinman, McCann and Davis, JJ. The court makes the following findings: (1) That about 1907 guardrails had been erected west of the curve in the highway, extending north and south. These guardrails consisted of iron pipes driven in the ground to which were attached two boards, all painted white. The State improved this highway in 1915. At that time and subsequently the guardrails had become in part broken and destroyed and were not replaced, so that there was none at the point where the automobile left the highway. The paint had worn off the guardrails remaining. (2) That as the plaintiff's intestate approached the point where the curve turns sharply to the right there were high rocks in front of him and an open space at the left. There was no ditch between the macadam surface of the road and this open space which led over flat rocks. This condition, especially in the night time and in a heavy fog, had a tendency to mislead and deceive persons unfamiliar with the highway traveling northerly from Middleburgh to Schoharie into thinking that instead of the said highway curving to the right it turned slightly to the left. (3) That the ground between the highway and the cliff led over flat rocks and on a smooth and comparatively level surface to the edge of the cliff. That in passing from the highway to the left on this course there was no ditch but the wheels of an automobile would encounter rocks projecting five inches or more from the surface; and decedent's automobile collided with an iron post remaining from the old barrier. This was badly rusted and weakened; and the slightly projecting rocks and this post were the only interference with a smooth passage to the edge of the cliff. (4) That the emergency brake of the automobile was found set after the accident.