### GEORGE H. EMBSHOFF v. LILLIE EMBSHOFF.

ENFORCEMENT OF BOND ON APPEAL IN ALIMONY CASE.

Overdue installments of alimony are in legal effect a judgment, which may be enforced by an action on the bond given on appeal from the order fixing the amount of alimony without first obtaining consent of the court rendering the decree.

ERROR to Hamilton common pleas court.

In the court below the wife was decreed $4.50 per week alimony. On appeal to the circuit court by the husband, the same decree was granted, and the case remanded to the common pleas for execution. On remand the common pleas committed the husband to jail for contempt of court for failing and refusing to pay the alimony decreed. The wife then brought an action before a justice of the peace on the bond for appeal to the circuit court for $40 unpaid alimony. Judgment having been granted by the justice, the case was appealed to the common pleas by the surety on the appeal bond, and judgment was again obtained on the bond by the wife. From that judgment error was prosecuted, the surety asserting (1) that the jurisdiction of justices on appeal bonds is limited by Sec. 587; (2) that the bond to secure execution of the judgment in the circuit court was released by that court when it remanded the case to the common pleas for execution; and that suit could not be brought upon the bond without the consent of the court.

"No other court, without leave of the court in which the divorce has been granted, can take jurisdiction of an action on the bond given by order of the divorce court to secure payment of alimony; and upon application for such leave the divorce court may order or withhold payment of arrears in whole or in part, and may grant or refuse leave to enforce such payment by action at law or on the bond, and the action when brought with its leave is as subject to its discretionary control as the judgment itself." *Guenther v. Jacobs*, 44 Wis. 354.

E. C. Pociey, for plaintiff in error.
C. H. Jones, for defendant in error.

Hamilton County.

**GIFFEN, J.**

While the case of *Guenther* v. *Jacobs,* 44 Wis. 354, sustains the contention of counsel that the demurrer to the petition should have been sustained, yet the decisions in this state lead to a different conclusion.

Alimony decreed in installments may be enforced by execution. *Piatt* v. *Piatt,* 9 Ohio 37.

The adequacy of alimony decreed cannot be collaterally drawn in question especially by a stranger to the suit. *Hare* v. *Gibson,* 32 Ohio St. 33 [30 Am. Rep. 568].

The husband is not complaining, and the installments due are in legal effect a judgment, the collection of which may be enforced by an action upon the appeal bond, without first obtaining the consent of the court rendering the decree.

Judgment affirmed.

Same judgment in case No. 4715.

**Swing** and **Smith, JJ.,** concur.