## BRIDENBAUGH et v RICHARDS

Ohio Appeals, 2nd Dist, Greene Co

No 399. Decided June 2, 1934

Swaney & Creager, Dayton, for plaintiffs in error.

Marcus Shoup, Xenia, for defendant in error.

## OPINION

By HORNBECK, PJ.

We refer to the parties as they appeared in the trial court, wherein Richards was plaintiff and Bridenbaugh, Guenther and West were defendants.

This is a most unsatisfactory record. Upon the facts found by the trial judge and stated in the briefs this court has presented a case for review upon which determination could be made and, if decision could safely be made upon these findings and briefs, there would be less difficulty in supporting the judgment. But that cannot be done. The petition fully sets out the material facts but the answer is a general denial.

The case must be determined upon the transcript of the testimony, in conjunction with the pleadings. The record is unusual for what it does not say. There is a marked indefiniteness of disclosure of the nature of the action which was originally instituted before the Justice of the Peace. Evidently, the difficulty which is presented to this court is found in the fact that counsel and the trial court were thoroughly familiar with the proceedings which had gone on before. The attachment case before the Justice of the Peace had been appealed, so we learn, from the briefs only, to the Court of Common Pleas and, therefore, the trial judge had knowledge of facts and procedural steps in that case which do not appear at all in this record.

Counsel for Richards makes the statement in his brief that it was understood that the attachment bond given in the original action might be secured at a date after the hearing and submitted. This may have been done but it is not in this record, nor is there anything in the way of proof to fix the amount of the bond or the appraisal of the property taken and there has been no motion for diminution of the record.

In one place in the transcript of testimony in the form of a question by counsel it is said that it is agreed between counsel that two cows, two calves and seventy-five bushels of corn was the subject matter of the attachment. There is, however, some talk in the record about furniture and other personal property. We are unable to determine from the record what the appraised value of the two cows, the two calves, and the corn was; nor is there any value fixed upon the property which is the subject matter of the inquiry of counsel which will reach the sum of $115.00. The only definite figure indicative of the appraisal at the time of the attachment is a statement that one of the cows was appraised at $15.00. Various figures representative of values of the property attached are fixed by witnesses but in no event does the sum total thereof aggregate $115.00.

Several specific objections are urged to the judgment, most of which in our opinion are not substantial. It is urged that the Justice of the Peace had no jurisdiction of the original action because Richards and Bridenbaugh were partners. Obviously, the Justice of the Peace has jurisdiction of the person and the subject matter in the attachment suit. Bridenbaugh having instituted the action against Richards in due form thereby clothed the court with jurisdiction to determine all questions properly raised, including the defense of a partnership, if it was a defense. If Richards and Bridenbaugh were partners that did not in any wise affect the jurisdiction of the Justice of the Peace. It merely went to the infirmity of a partner to maintain the proceeding. If the question were raised and an adverse decision made thereon, the only remedy of the unsuccessful party was to prosecute error or appeal. The only place the partnership question has in the instant suit is as it may bear upon the extent of the damage of Richards by reason of the breach on the bond. If some of the property which was attached belonged to Bridenbaugh, obviously Richards was not damaged as to the value of any or all of this property so taken.

Upon the record there seems to be no doubt that the trial court, with one excep-

tion was well within the record in determining that none of the property belonged to Bridenbaugh. The ownership, about which there is some doubt on the record, relates to one calf, which several of the witnesses say was born after Bridenbaugh entered into the contract with Richards as to the division of increase of live stock on the farm during the period of the contract. The contract clearly provided that as to increases from stock owned by either party they should share equally.

It fairly appears that there was an attachment and that as there was an attachment the property could not have been taken by Bridenbaugh, if there had not been an attachment bond, and that, as Guenther admits he signed something and West substantially admits that he signed an attachment bond, it must be found that there was such an instrument. Having advanced this far we are yet without proof as to the amount of the bond or the value of the property taken to the amount of the judgment.

The attachment bond required to be given by the plaintiff under §10253-4 GC is necessary unless the cause for the issuance of the attachment comes within one of those enumerated in §10254 GC.

The conditions of this bond are different from those in the bond provided by §10258 GC, known as the re-delivery bond, upon the giving of which the constable shall deliver the property attached to the person in whose possession it was found. This bond is conditioned to the effect that the parties to it are bound in double the appraised value of the property attached; that the property or its appraised value in money will be forthcoming to answer the judgment of the court in the action. The distinction between the conditions of the two bonds is evident.

Upon default of an attachment bond given by the plaintiff the question is the extent of the damage by the wrongful taking to the party whose property has been taken. It does not follow that the payee on the bond is entitled to the full amount thereof merely because it has been breached. There is some support by obiter that where all the property has been lost to the payee of the bond, as in this case, the value as fixed by the appraisal would support a judgment in that amount. **Claypoole v Pope,** 9 O.C.C. 311; **Botefuhr v Leffingwell,** 21 O.C.C. 589. We are in doubt if this is the true measure of damage in a suit on the attachment bond, though it would clearly be in an action against the constable for improperly turning the property over to the plaintiff and thus permitting it to be lost. Inasmuch as this principle is not urged by counsel for defendants we would not predicate a reversal upon such determination.

The findings of facts made by the trial court are definite but we cannot find support for the findings on the record. We have none of the original papers in the attachment suit, do not have the inventory and appraisement nor the bond sued upon. It is attached to the brief of defendant in error but we cannot consider it in this form.

At the conclusion of plaintiff's case below, according to the record, there was no evidence of the measure of plaintiff's damage. The motion of defendant then made to dismiss plaintiff's cause could well have been sustained but as defendant elected to proceed and offered testimony as to values the error was waived.

No question was propounded to any witness in plaintiff's case in chief touching the extent of his damage and the only testimony from which this could be determined comes from the witnesses for Bridenbaugh and the other defendants. Giving to the defendant in error, Richards, the benefit of the highest sum at which the value of the property attached was fixed by the witnesses testifying on the subject, we cannot find a greater sum than $76.25, made up as follows:

| | |
|---|---|
| Red Cow | $25.00 |
| Jersey Cow | 20.00 |
| 2 calves, $10.00 each | 20.00 |
| 75 bu. of corn at 15c per bu. | 11.25 |
| | $76.25 |

If, therefore, defendant in error will remit from the judgment all thereof above $76.25 with interest, the judgment will be affirmed. Otherwise it will be reversed and cause remanded for new trial.

BARNES, J, concurs.
KUNKLE, J, not sitting.